UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THERESA LYNNE MURPHY,<br><br>    Plaintiff,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>    Defendants. | Case No.  13-cv-02820-JST<br><br>**ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER; SETTING HEARING FOR MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 5 |
|---|---|

In this action for claims arising out of the initiation of foreclosure proceedings on a residential property, Plaintiff Theresa Murphy moves for an ex parte temporary restraining order barring Defendants from taking further actions to foreclose on the property.  For the reasons set forth below, the motion is DENIED.

## I.     BACKGROUND

This action constitutes Murphy's third attempt to obtain an ex parte temporary restraining order ("TRO") with respect to the property at issue, which is located at 11 High Street, Unit Number 201, San Francisco, California.  Compl. ¶ 1.  The Court has presided over each of the two prior actions and dismissed both of them for lack of subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332.  See Case No. 13-cv-2424, ECF No. 25; Case No. 13-cv-2752, ECF No. 16.

The complaint in this action contains federal claims in addition to the state-law claims that Murphy asserted in the two prior actions; accordingly, it invokes federal question jurisdiction under 28 U.S.C. § 1331.  Murphy asserts claims for: (1) violations of 18 U.S.C. § 1001; (2) violations of 18 U.S.C. § 1341; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"); (4) violations of California's Business and Professions Code Section 17200; (5) slander of title; (6) cancellation of void instruments; (7) quiet title; and (8) wrongful foreclosure.

The gravamen of the complaint is that Defendants lack the authority under the deed of trust to execute any foreclosure proceedings with respect to the property.

Murphy now moves for an ex parte TRO and preliminary injunction barring Defendants from recording a notice of trustee's sale.

## II. LEGAL STANDARD

A movant seeking the issuance of an ex parte TRO must satisfy Federal Rule of Civil Procedure 65(b), which requires a showing of "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certification of "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Additionally, in this district, a movant seeking an ex parte TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order." Civil L.R. 65-1(b).

## III. DISCUSSION

Upon review of Murphy's submissions, the Court concludes that Murphy has not shown either that she is likely to suffer immediate and irreparable harm or that she has given proper notice to Defendants of this motion.

First, Murphy alleges that she will suffer irreparable harm because "90 days have passed" since Defendants recorded an allegedly invalid notice of default with respect to the property and "Defendants are [now] free to record a Notice of Trustee's Sale." Mot. at 2, ECF No. 5. Courts in this district routinely find that no likelihood of irreparable harm exists when "no trustee sale has been noticed, and no notice of any such sale has been recorded." See, e.g., Gleason v. World Sav. Bank, FSB, No. 12-cv-03598 RS, 2012 WL 4086121, at *2 (N.D. Cal. Sept. 17, 2012). This is because, when a notice of trustee's sale has not been recorded, "any legal sale must be at least 20 days away, given that California Civil Code § 2924f(b) requires such advance notice." Id. Because the trustee's sale at issue is at least 20 days away, the Court cannot conclude that Murphy is likely to suffer imminent and irreparable injury in the absence of a TRO.

Second, Murphy has not shown that she gave proper notice to Defendants of her ex parte motion as required by Civil Local Rule 65-1. The only evidence on the record of Murphy's

2

1 attempts to contact Defendants are two certificates of service that she attached to her motion,
2 which state that Murphy sent copies of all TRO-related submissions to each of the Defendants via
3 fax. Mot., Ex. 1. Federal Rule of Civil Procedure 5 permits service "by electronic means if the
4 person consented in writing." Fed. R. Civ. P. 5(b)(2)(E). Here, there is no evidence showing that
5 any of the Defendants has consented in writing to service by fax. Moreover, the certificates of
6 service that Murphy has submitted show that at least one of the fax transmissions did not reach the
7 intended recipient. Mot., Ex. 1 at 3.

8 Accordingly, Murphy's motion for an ex parte TRO is DENIED. The Court will not
9 entertain any additional requests for ex parte injunctive relief. Murphy shall serve defendants with
10 copies of the complaint, the motion, and this order. The Court will hold a hearing on Murphy's
11 motion for a preliminary injunction on July 11, 2013, at 2:00 p.m. Each party may file a brief of
12 no more than 15 pages in support or in opposition to the motion no later than July 5, 2013.

13 **IT IS SO ORDERED**.

14 Dated: June 20, 2013

_____
JON S. TIGAR
United States District Judge