THERESA LYNNE MURPHY
11 HIGH ST. #201
SAN FRANCISCO, CA 94114
Tel: (415) 529-2829
Plaintiff in Pro Per

**FILED**

AUG 1 2 2013

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA LYNNE MURPHY** )<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**THE BANK OF NEW YORK MELLON AS** )<br>**TRUSTEE, FOR CERTIFICATE HOLDERS** )<br>**OF STRUCTURED ASSET MORTGAGE** )<br>**INVESTMENTS II.,INC., BEAR STEARNS** )<br>**ALT-A TRUST, MORTGAGE PASS-** )<br>**THROUGH CERTIFICATES, SERIES** )<br>**2006-2, f/k/a THE BANK OF NEW YORK** )<br>**AS SUCCESSOR TO JPMORGAN CHASE** )<br>**BANK N.A., AS TRUSTEE FOR BEAR** )<br>**STEARNS ASSET BACKED SECURITIES,** )<br>**BEAR STEARNS ALT-A TRUST, MORTGAGE** )<br>**PASS-THROUGH CERTIFICATES SERIES** )<br>**2006-2; MORTGAGE ELECTRONIC** )<br>**REGISTRATION SYSTEMS INC., AS** )<br>**NOMINEE FOR PRO30 FUNDING, A** )<br>**CALIFORNIA CORPORATION; MERSCORP** )<br>**HOLDINGS, INC.; THE WOLF FIRM, A LAW** )<br>**CORPORATION; all persons unknown,** )<br>**claiming any legal or equitable right, title,** )<br>**estate, lien, or interest, in the Property** )<br>**adverse to Plaintiffs' title or any cloud on** )<br>**Plaintiffs' title; and Does 1-100, Inclusive,** )<br>**Defendants.** ) | **CASE NO. CV-13-2820-JST**<br><br>**PLAINTIFFS' RESPONSE TO**<br>**ORDER TO SHOW CAUSE**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JUDGE: HON. JON S. TIGAR**<br>**United States Magistrate Judge**<br><br>**Date:     August 29, 2013**<br>**Time:    2:00 p.m.**<br>**Ctrm:    9** |

On July 12, 2013, the court issued an Order to Show Cause. The Court ordered as follows:

"By August 12, 2013, Murphy shall file a response to the Court's order to show cause why this action

should not be dismissed for lack of subject matter jurisdiction...IT IS SO ORDERED.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

## TABLE OF CONTENTS

Page(s)

I.  PLAINTIFF HAS MET EVIDENTIARY BURDEN TO ESTABLISH FACTS...................................1

    A.  SEC ATTESTATION - A diligent search does not disclose findings for "Bear Stearns Asset Backed Securities, Bear Stearns Alt-A Trust Mortgage Pass-Through Certificates, Series 2006-2".............................................................................1

    B.  SEC ATTESTATIONS, Sealed and Signed - PSA, Form 8-K, 10-K &115, for "Bear Stearns Alt-A Trust Mortgage Pass-Through Certificates, Series 2006-2", and for "Certificate Holders of Structures Asset Mortage Investments II Inc., Mortgage-Backed Security, Series 2006-4"........................................................................................................2

    C.  DECLARATION, Expert Witness, Steven Gourley...............................................................2

    D.  CERTIFICATION of SEARCH, California Department of Business Oversight................2

    E.  CERTIFICATION of NO RECORD, California Secretary of State.....................................2

II.  CORPORATE ASSIGNMENT OF DEED OF TRUST IS VOID...........................................3

    A.  Bank of New York Mellon, as Trustee, cannot show valid delivery of the Deed of Trust and Note into, "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2"............................................................3

III  THE BURDEN OF EVIDENCE PRODUCTION SHIFTS TO DEFENDANT'S...............................5

IV.  DEED OF TRUST WAS EXTINGUISHED BY VALID JUDGMENT QUIETING TITLE.............6

    A.  Any purported security interest, legal interest of the trustee, and equitable interest of the holders of the certificates issued by the trust, plus any interest of agents, servicers and/or nominee, were extinguished........................................................................................6

V.  POINTS AND AUTHORITIES............................................................................................7

    A.  Plaintiff properly sued the Trustee and Trust in the Judgment Quieting Title....................7

    B.  Portico Management Group LLC v Harrison re Probate Codes §§18000 & 18004............8

    C.  False Instruments under Uniform Commercial Code............................................................9

    D.  Plaintiff has standing to challenge Void Instruments..........................................................10

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

RESPONSE TO OSC    CV-13-2820-JST

This page may be used with any Judicial Council form or any other paper filed with the court.

Page __i__

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

# TABLE OF CONTENTS cont.

Page(s)

E.    New York Estates, Powers & Trust Laws § 7-2.4.................................................................10

VI.    BOTH DEEDS OF TRUST ARE VOID AND UNENFORCEABLE..............................................12

VII.    THIS COURT HAS SUBJECT MATTER JURISDICTION..............................................13

VIII.    PLAINTIFF ISLIKELY TO SUCCEED ON THE MERITS.............................................14

IX.    RES JUDICATA AND COLLATERAL ESTOPPEL BAR RELITIGATION....................................15

    A.    Identical Claims, identical parties, and a final judgment on the merits.............................16

    B.    Identical Issue, actually litigated, had a full and fair opportunity to litigate....................16

    C.    WHEREFORE Plaintiff respectfully requests this Court to finds facts are so proved as to be established as a matter of law.................................................................17

    D.    Plaintiff respectfully requests leave to file amended complaint according to evidence....18

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

RESPONSE TO OSC    CV-13-2820-JST

This page may be used with any Judicial Council form or any other paper filed with the court.    Page ___ii___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

<div align="center">TABLE OF AUTHORITIES</div>

1 Blank v. Coffin
2 20 Cal.2d 457, 461, 126 P.2d 868." ......................................................................................3

3 Roberts v. Del Monte Properties Co.
4 111 Cal.App.2d 69, 243 P.2d 914 (Cal.App. 1 Dist.,1952...................................................3

Galdjie v. Darwish
5 113 Cal. App. 4th 1331, 1343-1344............................................................................7

6 Portico Management Group LLC v. Harrison
7 No. C062060, 202 Cal App. 4th 464 (2011)................................................................8

8 Montgomery v. Bank of America Nat. Trust & Savings Ass'n
85 Cal.App.2d 559, 193 P.2d 475, Cal.App.2.Dist.(1948)..............................................10
9
Conlin v. Mortgage Electronic Registration Systems, Inc.
10 (6th Cir. 2013) 714 F.3d 355, 361...........................................................................10

11 Gilbet v. Chase Home Finance, LLC
12 E.D.CAL., May 28, 2013, No. 1:13-CV-265 AWI SKO (2013 WL 2318890.)..........................10

13 Reinagel v. Deutsche Bank National Trust Co.
(5th Cir. 2013)_F3d_[2013 WL 3480207 at p. *3]........................................................11
14
Wells Fargo Bank, N.A. v. Erobobo
15 (Apr. 29, 2013) 39 Misc.3d 1220(A), 2013 WL 1831799, slip opn. p. 8.................................11

16 Levitin & Towmey, Mortgage Dervicing
17 supra, 28 Yale J. on Reg. ay p. 14, fn. 35...............................................................11

18 United States v. Tweel, 550 F.2d 297, (1977)............................................................12

19 United States v. Prudden, 424 F.2d 1021 at 1032.......................................................12

20 Atilus v. United States, 406 F.2d 694, at 698...........................................................12

21 Carmine v. Bowen, 64 A. 923................................................................................12

22 Naranjo v. SBMC Mortgage
23 No. 3:11-cv-02229-L-WVG, Dkt. #20 (S.D. Cal. July 24, 2012)..........................................15

24 Bear v. Golden Plan of California, Inc.
829 F.2d 705, 709 (9th Cir. 1986)..........................................................................15
25
Leighton, 833 F.2d at 186, quoting U.S. v. Webb, 655 F.2d 977, 79 (9th Cir.'81).....................16

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

<div align="right">RESPONSE TO OSC    CV-13-2820-JST</div>

27 | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___iii___ |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ─ Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

APPLICABLE STATUTES AND RULES                                            Page

1

2  FEDERALRULES OF EVIDENCE, RULE 902(1)(A)(B)..............................................................1

3  CAL. RULES OF PROFESSIONAL CONDUCT, RULE 3-200....................................................5

4  CAL. RULES CIV. P. § 680.250.........................................................................................8

5  PROBATE CODE § 18000 & 18004....................................................................................8

6  UNIFORM COMMERCIAL CODE § 3203(b)......................................................................... 9

7  UNIFORM COMMERCIAL CODE § 3302(a).......................................................................... 9

8  UNIFORM COMMERCIAL CODE § 3118...............................................................................9

9  UNIFORM COMMERCIAL CODE § 9203(b...........................................................................9

10  UNIFORM COMMERCIAL CODE § 9102(a)(73).....................................................................9

11  UNIFORM COMMERCIAL CODE § 9309(4).........................................................................10

12
13  NEW YORK ESTATES, POWERS & TRUSTS LAW § 7-2.4.......................................................11

14  DECLARATORY RELIEF 28 U.S.C. § 2201 & 02.................................................................13

15  CONSPIRACY AGAINST RIGHTS 18 U.S.C.§241.................................................................14

16  DEPRIVATION OF RIGHTS 42 U.S.C. § 1983......................................................................14

17  VIOLATION OF RICO ACT 18 U.S.C. § 1962.....................................................................14

18  FRAUDULENT CONVEYANCE, CAL. CIV. CODE § 3440........................................................14

19  SLANDER OF TITLE.....................................................................................................14

20  REMOVAL OF CLOUD ON TITLE, CAL. CIV. CODE § 3412...................................................14

21  CANCELLATION OF INSTRUMENTS, CAL. CIV. CODE § 3412.............................................14

22  CAL. BUSINESS AND PROFESSIONS CODE § 17200............................................................14

23  RES JUDICATA AND COLLATERAL ESTOPPEL....................................................................14

24
25  FRCP RULE 57, District Courts have Jurisdiction..........................................................14
   28 U.S.C. § 1367, District Courts have Jurisdiction......................................................14

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:         RESPONSE TO OSC    CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.         Page ___iv___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

## EVIDENCE & EXHIBITS

Pl. RJN No.

(1) JUDGMENT QUIETING TITLE, recorded July 12, 2012, in the Office of the San Francisco County Assessor-Recorder, as Document No. J454298-00..........................................1

(2) Corporate Assignment of Deed of Trust, recorded Dec. 26, 2012, in the Office of the San Francisco County Assessor-Recorder, as Document No. 2008-I516250-00................................2

(3) CERTIFICATION of No Record of Corporation, CA Secretary of State, executed 02/15/2013.........5

(4) Certified Court-Ordered Grant Deed, recorded Jan. 9, 2008, in the Office of the San Francisco County Assessor-Recorder, as Document No. 2008-I516250-00.................................6

(5) Certified Judgment by the Hon. William Gargano, Determination Date 12/29/2005..........................7

(6) 1st Deed of Trust, Doc. No. 2005-I102707-00, San Francisco Co. Assessor-Recorder....................12

(7) 2nd Deed of Trust, Doc. No. 2005-I102708-00, San Francisco County Assessor-Recorder.............13

(8) ATTESTATION from SEC CERTIFIED that a search did not disclose filings for "Bear Stearns Asset-Backed Securities, Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2"...........................................................................................18

(9) Sealed and Signed Amended Pooling and Servicing Agreement, Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2, CIK No. 0001353623....................................19

(10) Sealed and Signed Form 8-K............................................................................................20

(11) Sealed and Signed Form 10-K...........................................................................................21

(12) Sealed and Signed Form 15-15D, Notice of Suspension of Duty to File Reports.............................22

(13) Sealed and Signed Pooling and Servicing Agreement, Certificate Holders of Structured Asset Mortgage Investment II, Inc., Mortgage Backed Security, Series 2006-4...............................23

(14) Sealed and Signed Form 8-K............................................................................................24

(15) Sealed and Signed Form 10-K...........................................................................................25

(16) Sealed and Signed Form 15-15D, Notice of Suspension of Duty to File Reports.............................26

17) CERTIFICATE of Search, CA Dept. of Business Oversight...............................................................27

*Handwritten annotation near item (8): AMENDMENT... Pl. RJN No*

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___ V ___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

## EVIDENCE & EXHIBITS

Exhibit

(18)  DECLARATION of SEC, and Dept. of Corporations, Expert Witness, Mr. Steven Gourley............A

(19)  Transcript of Proceeding, July 12, 2013, for Preliminary Injunction.................................................B

(20)  Figure 1.........................................................................................................................................C

(21)  Figure 2.........................................................................................................................................D

(22)  Cover page of proposed 1st Amended Complaint............................................................................E

(23)  CHAIN OF TITLE.........................................................................................................................F

(24)  General Interrogatories...................................................................................................................G

(25)  Request for Admissions..................................................................................................................H

(26)  Request for Special Interrogatories..................................................................................................I

(27)  Requests for Production...................................................................................................................J

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

RESPONSE TO OSC     CV-13-2820-JST

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___ vi

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

## I. PLAINTIFF HAS MET EVIDENTIARY BURDEN TO ESTABLISH FACTS

Plaintiffs' Response to the Courts' Order to Show Cause establishes an irrefutable air-tight case by providing the Court with items of evidence that are self-authenticating pursuant to Federal Rules of Evidence, Rule 902(1)(A)(B), and establish certain facts as uncontradictable. The Facts in Plaintiffs' Complaint are supported by the following Sealed and Signed Domestic Public Documents:

(1) ATTESTATION from U.S. Security Exchange Commission, SEC CERTIFIED, Sealed and Signed, that a diligent search was made...do not disclose filings for..."Bear Stearns Asset Backed Securities, Bear Stearns Alt-A Trust Mortgage Pass-Through Certificates, Series 2006-2"...    Certification that no Pooling and Servicing Agreement for a trust by that name could be found. It is not a "different trust" as Defendant's claim - but a non-existent trust. The Corporate Assignment of Deed of Trust is false and void.
See Amendment to Pl. RJN No. 18.

(2) ATTESTATION from SEC CERTIFIED, Sealed and Signed

Amended Pooling and Servicing Agreement, for "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2" re depositor Certificate Holders of Structured Asset Mortgage Investments II, Inc.. Page 274 of PSA certifies that the 1st DOT for $833,250.00, was in the Schedule of Mortgages; the Judgment Quieting Title was against the proper Trustee and Trust, thereby extinguishing the Deed of Trust.
See Amendment to Pl. RJN No. 19.

Form 8-K, pg 2 of 5, certifies that, "Structured Asset Mortgage Investments II Inc., caused the issuance and sale of Bear Stearns Asset Backed Securities, Bear Stearns Alt-A Trust Mortgage Pass-Through Certificates, Series "2006-1" [Not "2006-2"] pursuant to a Pooling and Servicing Agreement, dated as of March 1, 2006, among Bear Stearns Asset Backed Securities I LLC...".
The second paragraph certifies that on October 6, 2006, "the parties executed an Amended and Restated Pooling and Servicing Agreement, among "Structured Asset Mortgage Investment II Inc., as depositor...and

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):     RESPONSE TO OSC     CV-13-2820-JST

This page may be used with any Judicial Council form or any other paper filed with the court.     Page ___1___

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1  Bank of New York as successor to JPMorgan Chase Bank, National Association, as trustee.

2  See Amendment to Pl. RJN No. 20.

3      Form 10-K, certifies that the exact name of the issuing entity as specified in its charter is, "Bear

4  Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", and exact name of the depositor

5  as specified in its charter is, "Certificate Holders of Structured Asset Mortgage Investments II, Inc.".

6  See Amendment to Pl. RJN No. 21.

7

8      Form 15-15D, certifies Suspension of Duty to File Reports.  See Amendment to Pl. RJN No. 22.

9  (3)    ATTESTATION from SEC CERTIFIED, Sealed and Signed

10      Pooling and Servicing Agreement, for Certificate Holders of Structured Asset Mortgage Investments

11  II, Inc., Mortgage Backed Security, Series 2006-4, regarding 2nd DOT, See Amendment to Pl. RJN No. 23.

12  Form 8-K, Amendment to Pl. RJN No. 24. Form 10-K, Amendment to Pl. RJN No. 25. Form 15-15D,

13  Amendment to Pl. RJN No. 26.

14  (4)    DECLARATION of Steven Gourley, Expert Witness regarding the U.S. Security & Exchange

15  Commission, and California Department of Business Oversight f/k/a the Department of Corporations, re

16  invalid Corporate Assignment of Deed of Trust, and Deeds of Trust.  Attached hereto as Exhibit A.

17  (5)    CERTIFICATION OF SEARCH by the California Department of Business Oversight, that a search

18  was conducted, but did not find Pro30 Funding to be licensed as a California Finance Lender in 2005.

19  Amendment to Pl. RJN No. 27.

20

21  (6)    CERTIFICATION OF NO RECORD from the Secretary of State, Debra Bowen, previously

22  submitted as RJN No. 5, certifying that, "a diligent search has been made in the corporate files of this

23  office and there is no record of a California or foreign corporation, active or inactive, of the name PRO30

24  FUNDING". Proof that cannot be contradicted that lender Pro30 Funding, was neither a corporation

25  "organized and existing under the laws of the state of California" as purported in the false deeds of trust -

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*
    RESPONSE TO OSC   CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.    Page ___2___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1 nor even a licensed California Finance Lender, at the time of execution and recordation of the void deeds of

2 trust. Pro30 Funding was not a corporate legal entity capable of accepting delivery of a security interest,

3 they were a ficticious person, a dba, without a license, not capable of holding any interest or property rights

4 under the false deeds of trust. As such, MERS never had any interest or rights as their nominee to transfer.

5 Plaintiff submits that, "...if the evidence is clear, positive, uncontradicted and of such a nature that it

6

7 cannot rationally be disbelieved the court must instruct that a fact so proved has been established as a

8 matter of law. Blank v. Coffin, 20 Cal.2d 457, 461, 126 P.2d 868."  Roberts v. Del Monte Properties Co.,

9 111 Cal.App.2d 69, 243 P.2d 914 (Cal.App. 1 Dist., 1952).

10         II.    THE CORPORATE ASSIGNMENT OF DEED OF TRUST IS VOID

11 Plaintiff alleges the Bank of New York Mellon, as Trustee, cannot show valid delivery of the Deed of

12 Trust and Note into, "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-

13 Through Certificates, Series 2006-2", and asks this Court to declare and adjudge that the "trust" described

14 in the Corporate Assignment of Deed of Trust, and in Defendant's case caption, is nothing but a fraudulent

15 disguise. The sole purpose of the false Corporate Assignment of Deed of Trust was to facilitate fraudulent

16 litigation and foreclosure action. Defendant's attempt to foreclose on a deed of trust for which they have no

17 legal or equitable interest has no foundation in law or fact. See Assignment, Pl. RJN Exhibit No. 2.

18 Defendant's claim that the name of the trust in the Corporate Assignment of Deed of Trust, "Bear

19 Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series

20

21 2006-2" - is "a different trust" - than the one named in Plaintiffs' Judgment Quieting Title against the "Bank

22 of New York Mellon, as Trustee, for Certificate Holders of Structured Asset Mortgage Investments II, Inc.,

23 Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", is completely frivolous.

24 See Defendant's Opposition to Preliminary Injunction, pg. 4, lines 19-20.

25 They present no rational argument based on evidence or law in support of a defense that its a different trust.

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:                    RESPONSE TO OSC    CV-13-2820-JST

27 This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___3___

SHORT TITLE:
Murphy vs. The Bank of New York Mellon, as Trustee, et al.

CASE NUMBER:
CV-13-2820-JST

Defendants Counsel misled this Court at the hearing for the Preliminary Injunction on July 11, 2013, by saying: "So in that prior case, the Bank of New York Mellon as trustee for some different trust answered and disclaimed its interest in the Deed of Trust at issue, and plaintiff later sought a judgment on that...then subsequently MERS who had the beneficial interest in the first deed of trust for the entire period up until October...assigned...to Bank of New York Mellon as trustee for the trust that is involved in this case.". See Judgment Quieting Title, Pl. RJN Exhibit No. 1. Transcript of Proceeding is attached as Exhibit B.

The evidence proves that is Not True. The SEC searched and found No trust by the name of, "Bear Stearns Asset Backed Securities, Bear Stearns Alt-A Trust Mortgage Pass-Through Certificates, Series 2006-2", upon request. Therefore, the SEC sent another PSA for, "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2". The only trust named in the Corporate Assignment of Deed of Trust, is the exact name of the trust in the Judgment Quieting Title, "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2". They are not different trusts; when the PSA for "Bear Stearns Asset Backed Securities, Bear Stearns Alt-A Trust Mortgage Pass-Through Certificates, Series 2006-2", is requested from the SEC, they will send the PSA for "Bear Stearns Alt-A Trust Mortgage Pass-Through Certificates, Series 2006-2", because those are the only words that actually describe a trust. The Corporate Assignment of Deed of Trust is false, Void Ab Initio, and all documents proceeding from it - the equally false and void Substitution of Trustee, and the Notice of Default.

The added verbage to the name of the trust, "Bear Stearns Asset-Backed Securities", was intended to create a fake identity for the purpose of manufacturing a false Assignment of DOT, to unlawfully deprive Plaintiff of her home. Defendant's Counsel, knew that the name of the trust was the exact issue, and intentionally misled the Court when he said that: " The comparison of the names doesn't really come into play here. It was a separate transaction.". Mr. Ross knew that was untrue, he had no reasonable basis for believing it to be true; it was intended to decieve the Court and prejudice Plaintiffs' right to due process.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1  Under California Rules of Professional Conduct, Rule 3-200 Prohibited Objectives of Employment:

2  "A member shall not seek, accept, or continue employment if the member knows or should know that the

3  objective of such employment is: (A) To bring an action, conduct a defense, assert a position in litigation,

4  or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any

5  person; or (B) To present a claim or defense in litigation that is not warranted under existing law, unless it

6  can be supported by a good faith argument for an extension, modification, or reversal of such existing law.

7  A Federal Judicial Officer of the Court has a Duty not to deprive me of my rights to due process under the

8  Color of Law. See Transcript of Proceedings for Preliminary Injunction [pgs. 12 & 18], Exhibit A.

9

10                III.    THE BURDEN OF EVIDENCE PRODUCTION SHIFTS TO DEFENDANTS

11         Mortgage Pass-Through Certificates, or Mortgage-Backed Securities, are a species of Asset-Backed

12  Securities. Bear Stearns "Asset-Backed Securities", (ABSs), is the Security Exchange Commission's (SEC)

13  description of the "Standard Industrial Classification" (SIC) Code 6189 that appears in the company's

14  EDGAR filings that indicate the type of business. These codes are used in the Division of Corporation

15  Finance as a basis for assigning review responsibility. The words "Asset-Backed Securities" are adjectives

16  describing the type of business. The words "Asset-Backed Securities" are not proper nouns as part of the

17  name of the trust; their presence or absence does not change the trust in the Judgment Quieting Title.

18         "Bear Stearns Asset-Backed Securities I LLC" (BSABS) is a different Depositor than "Structured

19  Asset Mortgage Investments II, Inc." (SAMI) - Not a different Trust. If the roman numeral for "I", and the

20  initials "LLC", had been added "I LLC", to the words "Bear Stearns Asset-Backed Securities" - then that

21  would have identified a different depositor; however BSABS was not the depositor for the Issuing Entity,

22

23  "Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", as evidenced by the PSA

24  and Form 10-K from the U.S. Securities & Exchange Commission, SAMI was the Depositor.

25  Figure 1 is attached as Exhibit C. Figure 2 is attached as Exhibit D.

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:                                                              RESPONSE TO OSC     CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.                    Page ___5___

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

"Bear Stearns Asset-Backed Securities I Trust 2006-2" is a different trust, however that is not the trust named in the Assignment of Deed of Trust. The only trust named in the Assignment is "Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2". If the roman numeral for "I", and the word "Trust", had been added "I Trust", to the words "Bear Stearns Asset-Backed Securities" - that would have identified a different trust entirely from "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2"; it would have identified two separate trusts.

The burden of evidence production shifts to Defendant's to prove that "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2" - is a different trust - than the trust named in Judgment Quieting Title - as Defendants Counsel, Mr. Ross, told this Court.

The burden of evidence production shifts to Defendant's to prove that a trust by the name of, "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", exists, and accepted delivery of a transfer of the subject 1st Deed of Trust and Note, from MERS, as nominee for, "Pro30 Funding, a California corporation", as Defendants claim in their pleadings and instruments. It is impossible; it cannot be done. It is Fraud.

IV.    DEED OF TRUST WAS EXTINGUISHED BY VALID JUDGMENT QUIETING TITLE

The Valid Judgment Quieting Title against the Bank of New York Mellon, as Trustee, for Certificate Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2, as successor to "Pro30 Funding, a California corporation", forever extinguished: (1) any purported security interest re the subject 1st Deed of Trust; (2) any purported legal interest of the Trustee, Bank of New York Mellon; (3) any purported equitable interest re Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2; (4) any purported interest of any agent or servicer for the Bank of New York Mellon, as Trustee, for Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2, as successor to "Pro30 Funding, a California corporation"; (5) any

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, **not** line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

1st AMENDED COMPLAINT    CV-13-2820-JST

Page ___ 6 ___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1  purported beneficial interest of MERS as nominee for "Pro30 Funding, a California corporation", that

2  never existed under the laws of the state of California as a legal entity, and any purported successors or

3  assigns, was extinguished. Defendants do not deny Judgment Quieted Title re the correct Trustee and Trust.

4      MERS had no rights to deliver, no legal authority to assign the same Deed of Trust, back to the same

5  Trustee, of the same Trust! Defendant's outrageous fraudulent conveyance of an extinguished instrument

6  was recorded with the malicious intent, ill will, and utter disregard for the harm in taking Plaintiffs home.

7  It is a legally absurd assertion that an agent for a trustee of a trust would retain any interest after the deed of

8  trust was extinguished, and the legal and equitable interest of the trustee and certificate holders of the trust

9  were extinguished; that does not leave MERS with any kind of interest. The only pertinent interests in the

10  deed of trust, are the equitable interest re the trust, and the legal interest re the trustee. The Bank of New

11  York Mellon, as Trustee, was not a bona-fide purchaser and did not perfect any title; no security interest

12  attached to the Property due to fraud in the making and recording of the false Assignment of Deed of Trust.

13

14  <div align="center">V.     POINTS AND AUTHORITIES</div>

15      Plaintiff properly sued the Trustee and the Trust in the Judgment Quiting Title. The California Court

16  of Appeals has stated that "legal title to property owned by a trust is held by the trustee." (Galdjie v.

17  Darwish, 113 Cal. App. 4th 1331, 1343-1344.) Based on these rules, upon creation of a trust, title to trust

18  property is split between the trustee and the beneficiaries. The trustee holds legal title to the property and

19  the investor beneficiaries hold equitable title. Because the trustee holds legal title to the property, that

20  property must be held in the trustee's name, and an action to quiet title to the property must be made in the

21  trustee's name. The Bank of New York Mellon, as Trustee, tried to persuede the Court to delete the

22  designation, "as trustee", from the Judgment Quieting Title, and the Hon. Judge Kahn refused knowing that

23  Plaintiff sued them "as Trustees", and it would have rendered the judgment a nullity.

24      In Portico Management Group LLC v. Harrison, No. C062060, 202 Cal App. 4th 464 (2011),

25  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

26          RESPONSE TO OSC   CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.     Page ____7____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1 ("Portico"), the California Court of Appeal ruled that a judgment against a trust could not be enforced when
2 the judgment was entered against a trust, as opposed to its trustees. The Court noted that "a claim based on
3 a contract entered into by a trustee in the trustee's representative capacity,...may be asserted against the
4 trust by proceeding against the trustee in the trustee's representative capacity,..." (Probate Code § 18004) A
5
6 trust does not fall within the statutory definition of a judgment debtor that is defined as "the person against
7 whom a judgment is rendered." (CCP § 680.250.) The court pointed out that if the judgment had been
8 against the trustees in their representative capacities, it would have also bound successor trustees. Although
9 the lawsuit properly named the trustees, for some reason plaintiff did not seek to correct or modify the
10 arbitration award or judgment to indicate that it was properly against the trustees.

11      The mistitling of the judgment, in the trust's name rather than in the name of the trustee of the trust,
12 rendered it a nullity. The appropriate party to hold title to trust property is the trustee, in his capacity as
13 trustee. Probate Code § 18000 provides as follows, "Unless otherwise provided in the contract or in this
14 chapter, a trustee is not personally liable on a contract properly entered into in the trustee's fiduciary
15 capacity in the course of administration of the trust unless the trustee fails to reveal the trustee's
16 representative capacity or identify the trust in the contract." Under Portico, improperly identifying the trust
17 itself without the trustee's capacity could cause dismissal of a lawsuit. The trustee must be named, and
18 designated as the trustee, to be titled correctly. Defendant's intentionally omitted the designation, "as
19 Trustee", immediately following the name of Bank of New York Mellon, on the Assignment of Deed of
20 Trust, the case caption of Defendant's pleadings filed with this Court, and their misleading Corporate
21 Disclosure that claims the Defendant is the "Bank of New York Mellon", omitting the designation, as
22 trustee. It's a part of the fraud being perpetrated on this Court, and Plaintiff. Any judgment must include
23 the designation, "as trustee", immediately following the name of the Bank of New York Mellon, as sued.
24 Plaintiffs valid Judgment Quieting Title was properly against the trustee, and binds all successor trustees.
25
26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:
                                                  RESPONSE TO OSC   CV-13-2820-JST
27 This page may be used with any Judicial Council form or any other paper filed with the court.         Page   8

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1   Under UCC § 3-203(b): "Transfer of an instrument...vests in the transferee any right of the transferor

2   to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire

3   rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the

4   transferee engaged in FRAUD or ILLEGALITY affecting the instrument.

5   Under UCC § 3-302(a): "holder in due course" means the holder of an instrument if: (1) the

6   instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or

7   alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and (2 the

8   holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue

9   or has been dishonored or that there is an uncured default with respect to payment of another instrument

10  issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature

11  or has been altered...". In this case, the malicious fraud renders the instrument a nullity; it was Not taken

12  for value as there was no consideration, Not in good faith as there was a Judgment Quieting Title recorded

13  giving constructive notice, and with notice as it had been a non-producing instrument for over 7 years.

14

15  Under UCC § 3-118: the Statute of Limitations for an action to enforce an instrument must be

16  commenced within six (6) years of a demand for payment, which was 2006.

17  Under UCC § 9-203(b): before a buyer's "security interest" in a mortgage note can be perfected

18  under Article 9, the security interest must attach. "A security interest attaches when (1) value has been

19  given for the sale, (2) the seller has rights in the mortgage note or the power to transfer rights in the

20  mortgage note to the buyer and (3) either (a) the mortgage note is in the possession of the buyer pursuant to

21  a security agreement of the seller or (b) the seller has signed a written or electronic security agreement that

22  describes the mortgage note.". Article 9 defines security agreement as "an agreement that creates or

23  provides for a security interest," UCC § 9-102(a)(73), such an agreement re a securitized mortgage,

24  normally a pooling and servicing agreement or trust agreement, typically will provide that the transfer of

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

RESPONSE TO OSC   CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___9___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE:<br>Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER:<br>CV-13-2820-JST |
|---|---|

1  the note effects a sale of the note, which would, under UCC 9309(4), constitute a "security agreement."

2  When a deed of trust is assigned and transferred as part of the securitization of the loan, both the note and

3  DOT are sold, assigned, and physically transferred to the trustee on behalf of the MBS investors, or to a

4  trustee-designated document custodian pursuant to a custody agreement. The assignment and transfer are

5
6  documented and performed in accordance with a pooling and servicing agreement. MERS cannot just

7  remove any deed of trust from a trust at any time and assign it into a different trust; there are trust laws that

8  prohibit such conduct; a mortgage must be deposited into a trust by the cut-off date, and is owned by the

9  investors, not MERS. Defendants claims are not based in law or fact, or even logic. MERS cannot provide

10  this Court with evidence of delivery of the subject DOT in 2012, into a different trust by the name of "Bear

11  Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series

12  2006-2", with a cut-off date back in 2006. In Montgomery v. Bank of America Nat. Trust & Savings

13  Ass'n, 85 Cal.App.2d 559, 193 P.2d 475, Cal.App.2.Dist.(1948) the California appellate court held: "A

14  void instrument such as an undelivered or a forged deed does not convey anything and cannot be made the

15  foundation of a good title.

16      Transfers that violate the terms of the trust instrument are void under New York trust law, giving

17  Plaintiff standing to challenge the void assignment even though not a party to the assignment agreement.

18  (Conlin v. Mortgage Electronic Registration Systems, Inc. (6th Cir. 2013) 714 F.3d 355, 361 [third party

19  may only challenge an assignment if that challenge would render the assignment absolutely invalid or

20  ineffective, or void]; Gilbet v. Chase Home Finance, LLC (E.D.CAL., May 28, 2013, No. 1:13-CV-265

21
22  AWI SKO) 2013 WL 2318890.) California's version of the principle concerning a party's ability to

23  challenge an assignment has been stated in a secondary authority as follows:

24      "Where an assignment is merely voidable at the election of the assignor, third parties, and
        particularly the obligor, cannot...successfully challenge the validity or effectiveness of the
25      transfer." (7 Cal.Jur.3d (2012) Assignments, § 43.)

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:                                                    RESPONSE TO OSC    CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.          Page __10__

| SHORT TITLE: Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER: CV-13-2820-JST |
|---|---|

1  This statement implies that a party can challenge an assignment if the defect asserted would Void the

2  assignment. (See Reinagel v. Deutsche Bank National Trust Co. (5th Cir. 2013)_F3d_[2013 WL 3480207 at

3  p. *3] [following the majority rule that a third party may raise any ground that renders the assignment void,

4  rather than merely voidable].)

5
6  "Under New York Trust Law, every sale, conveyance or other act of the trustee in contravention of

7  the trust is void. EPTL § 7-2.4. Therefore, the acceptance of the note and mortgage by the trustee after the

8  date the trust closed, would be void." (Wells Fargo Bank, N.A. v. Erobobo (Apr. 29, 2013) 39 Misc.3d

9  1220(A), 2013 WL 1831799, slip opn. p. 8; see Levitin & towmey, Mortgage Dervicing, supra, 28 Yale J.

10  on Reg. ay p. 14, fn. 35 [under New York law, any transfer to the trust in contravention of the trust

11  documents is void].) The false Assignment of Deed of Trust back into the 2006 trust, relied upon by

12  Defendant's is void.

13  New York Estates, Powers & Trusts Law section 7-2.4, provides: "If the trust is expressed in an

14  instrument creating the estate of the trustee, every sale, conveyance or act of the trustee in contravention of

15  the trust, except as authorized by this article and by any other provision of law, is void." The statutory

16  purpose is "to protect trust beneficiaries from unauthorized actions by the trustee." (Turano, Practice

17  Commentaries, McKinney's Consolidated Laws of New York, Book 17B, EPTL section 7-2.4.)

18
19  Plaintiff has the standing to challenge the securitized trust's chain of ownership and allege that the attempt

20  to transfer the deed of trust back to the securitized trust in 2006 is void. Especially if its a trust that does not

21  exist; especially if its to the same trustee and trust whose purported interest was extinguished in the

22  Judgment Quieting Title. Because the Bear Stearns Securitized Trust was created by the pooling and

23  servicing agreement and that agreement establishes a closing date after which the trust may no longer

24  accept loans, this statutory provision provides a legal basis for concluding that the trustee's attempt to

25  accept a loan after the closing date would be void as an act in contravention of the trust document.

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*
RESPONSE TO OSC   CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.   Page ___11___

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1  Plaintiffs factual allegations regarding post-closing attempts to transfer the DOT back to the very same

2  trust [falsely disguised as a different trust], is sufficient to state a basis for concluding the attempted

3  transfer was Void. As a result Plaintiff has stated a cognizable claim for declaratory relief from a fraudulent

4  conveyance, by cancellation of all the void instruments.

5
6       The burden of proving an assignment falls upon the party asserting rights thereunder. In an action by

7  an assignee to enforce an assigned right, the evidence must not only be sufficient to establish the fact of

8  assignment when that fact is in issue, but the measure of sufficiency requires the evidence of assignment be

9  clear and positive to protect from any further claim. "Silence can only be equated with fraud where there is

10  a legal or moral duty or where an inquiry left unanswered would be intentionally misleading…" as per

11  United States v. Tweel, 550 F.2d 297, (1977) citing United States v. Prudden, 424 F.2d 1021 at 1032.  "…

12  failure to state the true facts when such statement is legally required, to the detriment of the one relying

13  upon such conduct…" can be termed "fraud and deceit", per Atilus v. United States, 406 F.2d 694, at 698.

14  "Silence is a species of conduct, and constitutes an implied representation of the existence of facts in

15  question, and the estoppel therefrom is accordingly a species of estoppel by misrepresentation. When

16  silence is of such a character and under such circumstances that it would become a fraud on the other party

17  to permit the silent party to deny what his silence has induced the other party to believe and act on, it will

18  operate as an estoppel.", Carmine v. Bowen, 64 A. 923.  Here, silence re evidence of delivery/perfection.

19
20              VI.     BOTH DEEDS OF TRUST ARE VOID AND UNENFORCEABLE

21       The Deeds of Trust are void for the following reasons: (1) a final and valid judgment quieting title on

22  the merits of the case was entered by a court having jurisdiction and was conclusive as to the matter re

23  extinguishment of the deeds of trust and security interest, extinguishment of the legal title held by the

24  trustees, and extinguishment of the equitable title of the investors of the named trusts; (2) the lender Pro30

25  Funding was a fraudulent nonexistent California corporation, therefore no legal entity existed as a grantee

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:
                                                                RESPONSE TO OSC    CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.          Page ___12___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]                    **ADDITIONAL PAGE**
                        **Attach to Judicial Council Form or Other Court Paper**                    CRC 201, 501

| SHORT TITLE:<br>Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER:<br>CV-13-2820-JST |
|---|---|

1   to deliver or accept any interest to perfect any title under UCC 9-309; (3) "Pro30 Funding" was a ficticious

2   dba not capable of holding any title; (4) "Pro30 Funding" was not licensed as a CA Finance Lender in

3   2005; (5) grantor Smith had no property rights or interest to deliver to "Pro30 Funding", as evidenced by

4   the Court-ordered Grant Deed with a determination date that legally perfected Plaintiffs' Fee Simple Title

5   prior to Defendant's recordation of the void deeds of trust. For the Certification of No Record from the

6   Secretary of State, see RJN No. 5. For the Certificate of Search from the Dept. of Business Oversight,

7   see Amendment to RJN Ex. No. 27.

8

9   Verified CHAIN OF TITLE, supported by Admissible Evidence, attached as Exhibit G.

10              VII.    THIS COURT HAS SUBJECT MATTER JURISDICTION

11          Plaintiffs' case presents the precise set of facts and circumstances in which the District Court has

12   jurisdiction. The facts are conclusively established by Sealed and Signed Domestic Public Documents,

13   entitling Plaintiff to the requested relief for cancellation of instruments. Leave to file a First Amended

14   Complaint under Civil Local Rule 15(a), according to the self-authenticating evidence is respectfully

15   requested. Plaintiff will amend the complaint as follows: (1) the following words are omitted from the case

16   caption on the cover page of the proposed First Amended Complaint, "f/k/a The Bank of New York as

17   Successor to JPMorgan Chase Bank N.A., as Trustee for Bear Stearns Asset-Backed Securities, Bear

18   Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", re the name of Defendant the

19   Bank of New York Mellon, as Trustee, because according to evidence, it is not true. Plaintiff was deceived

20   into believing Defendants false claim that the verbage, "Bear Stearns Asset-Backed Securities" was part of

21   the actual name of the trust, and acted upon it; (2) the Trustee re 2nd DOT in Judgment Quieting Title is

22   added as a Defendant for the purpose of Cancellation of the Instruments, "Bank of America N.A., as

23   Trustee, for Certificate Holders of Structured Asset Mortgage Investments II Inc., Mortgage-Backed

24   Securities, Series 2006-4"; (3) Plaintiff will ask this Court for Declaratory Relief under 28 U.S.C. § 2201,

25

26   *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:                                    RESPONSE TO OSC    CV-13-2820-JST

27   This page may be used with any Judicial Council form or any other paper filed with the court.    Page ___13___

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

| SHORT TITLE: Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER: CV-13-2820-JST |
|---|---|

and 02, re written instruments, to determine Plaintiffs Constitutional Right to Protect her Property re valid Judgment Quieting Title that extinguished the deeds of trust vs. Defendant's false Assignment of Deed of Trust; (4) added causes of action for Conspiracy Against Rights 18 U.S.C. § 241; (5) Deprivation of Rights 42 U.S.C. § 1983; (6) Fraudulent Conveyance Cal. Civ. Code § 3440; (7) and RICO Act 18 U.S.C. § 1962, to replace causes of action for Fraud, Forgery, Violation of Penal Code 115, and Violation of Fair Debt Collection Practices Act, for which Plaintiff did not have a private right of action; (8) Plaintiff to plead fraud with specificity; (9) amended complaint to be verified.

The cover page of proposed First Amended Complaint, is attached as Exhibit E.

Under FRCP Rule 57, District Courts have jurisdiction to resolve disputes over private rights. A declaratory judgment is appropriate because judicial authority will effectively terminate the legal controversy giving rise to the proceeding, and safeguard Plaintiffs' vested right to protect her Property, and right to due process. Defendant's clouded title to the Property, with the intent to take my home illegally.

Under 28 U.S.C. § 1367, District Courts have jurisdiction to hear and determine Plaintiffs' State Law Claims because they are so closely related to Plaintiffs' Federal Claims, and arise out of a nucleus of related facts and form part of the same case or controversy under Article III of the U.S. Constitution.

VIII.    PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

IF BNY MELLON had obtained the Deed of Trust and Note through a 2006 PSA, THEN the 2006 cut-off date would be another reason why the December 26, 2012 Assignment is a nullity, and Defendants' assertion that they obtained the Deed of Trust and Note on the Property is untrue. Defendant's presented NO evidence actually establishing that the Bank of New York Mellon, as Trustee, received the Deed of Trust and Note through a Pooling and Servicing Agreement with a trust named: "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2". There is no evidence on record establishing that the subject 1st Deed of Trust was included in any different PSA.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

RESPONSE TO OSC    CV-13-2820-JST

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___ 14

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1  Thus, whether Bank of New York Mellon, as Trustee, actually obtained the [extinguished] Deed of Trust

2  through a PSA, there is no evidence showing or even suggesting that this is indeed the case. As a result,

3  there is no evidence - at least on the record presented before the court. There is a triable issue of material

4  fact whether BNY Mellon was assigned the Deed of Trust and Note, or have any standing whatsoever to

5  foreclose after Judgment Quieting Title. In Naranjo v. SBMC Mortgage, No. 3:11-cv-02229-L-WVG, Dkt.

6  #20 (S.D. Cal. July 24, 2012), Defendant Trustee's Motion to Dismiss was denied in part because: "The

7  vital allegation in this case is the assignment of the loan into the WAMU Trust was not completed by May

8  30, 2006 as required by the Trust Agreement. This allegation gives rise to a plausible inference that the

9  subsequent assignment, substitution, and notice of default and election to sell may also be improper.

10  Defendants wholly fail to address that issue. (See Defs.' Mot. 3:16-6:2; Defs.' Reply 2:13-4:4.) This reason

11  alone is sufficient to deny Defendants' motion with respect to this issue."

12

13      To perfect the transfer of mortgage paper as collateral the owner should physically deliver the note to

14  the transferee. Bear v. Golden Plan of California, Inc., 829 F.2d 705, 709 (9th Cir. 1986). Without physical

15  transfer, the sale of the note is invalid as a fraudulent conveyance, Cal. Civ. Code §3440, or as unperfected.

16      In this case, Plaintiff has met the Burden of Proof with uncontradictable self-authenticating evidence

17  establishing a valid Judgment Quieting title, and a false Corporate Assignment of Deed of Trust, proving

18  that Bank of New York Mellon, as Trustee, MERS, and the Wolf Firm, do not have any legal or equitable

19  right, title, estate, lien or interest, in the Property adverse to Plaintiffs' Title or any cloud on Plaintiffs' Title.

20      Plaintiff served Defendant's the following Discovery by Certified Mail on July 24, 2013; it is due

21  on August 26, 2013. General Interrogatories are attached as Exhibit G; Request for Admissions attached as

22  Ex. H; Request for Special Interrogatories attached as Ex. I; Requests for Production attached as Exhibit J.

23

24          IX.    RES JUDICATA AND COLLATERAL ESTOPPEL BAR RELITIGATION

25      The Court must apply the Doctrine of Res Judicata (Claim Preclusion), if all three elements are

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

RESPONSE TO OSC   CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.        Page ___ 15 ___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

satisfied: (1) Prior litigation resulted in a final Judgment Quieting Title, in which identical claims were raised (or could have been raised), regarding any legal title of the Bank of New York Mellon, as Trustee, any equitable title re the certificate holders of the trust, and any security interest re the 1st DOT - sharing a common nucleus of operative fact.

(2) The parties in this litigation are identical to the parties in the original litigation for the Judgment Quieting Title, or in privity. The identical trustee, Bank of New York Mellon. The identical trust, "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", is named in Defendant's Corporate Assignment of Deed of Trust, as in Plaintiffs' Judgment Quieting Title. A party is considered to be in privity with a party in the original litigation if the party and the nonparty have an agency relationship, which is exactly the relationship of MERS, as nominee/agent for the purported successors or assigns of "Pro30 Funding, a California corporation"; MERS had no rights beyond that of the Bank of New York Mellon, as Trustee, which were extinguished.

(3) There was a final Judgment Quieting Title on the merits in the original litigation. Res judicata bars Defendants claims of title to the Property that were previouly litigated.

The Court must apply the Doctrine of Collaterral Estoppel (Issue Preclusion), if all three elements are satisfied: (1) The identical issue regarding title to the Property was brought before the court.

(2) The issue was actually litigated in the first judicial proceeding, the Bank of New York Mellon, as Trustee, and the Bank of America N.A., as Trustee, had a full and fair opportunity to litigate the issue.

(3) The issue was necessarily decided and rendered as a necessary part of the courts' final and valid Judgment Quieting Title.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*

RESPONSE TO OSC    CV-13-2820-JST

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___16

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER: CV-13-2820-JST |
|---|---|

1 WHEREFORE, Plaintiff respectfully requests this Court find that the following facts are so proved

2 as to be established as a matter of law: (1) Plaintiffs Judgment Quieting Title was valid against the proper

3 Trustee and Trust, as evidenced by the Sealed and Signed Pooling and Servicing Agreement, Form 10-K,

4 and Form 15, from the SEC; (2) as such, it extinguished the subject Deed of Trust, the legal interest of the

5 Bank of New York Mellon, as Trustee, and the equitable interest re "Bear Stearns ALT-A Trust, Mortgage

6 Pass-Through Certificates, Series 2006-2", as evidenced by the Certified Judgment Quieting Title; (3)

7 MERS had no rights as nominee for the Bank of New York Mellon, as Trustee, as the successor or assign of

8 Pro30 Funding, after the Judgment Quieting Title against the Bank of New York Mellon, as Trustee, as the

9 successor or assign of Pro30 Funding; (4) MERS had no rights as the nominee for Pro30 Funding, a

10 nonexistent California corporation, as it was not a legal entity capable of accepting any delivery of interest,

11 as evidenced by the Certificate of No Record from the California Secretary of State, the Certificate of

12 Search by the California Department of Oversight, and the Declaration of Mr. Steven Gourley; (5) the trust

13 as named in the Assignment of Deed of Trust is nonexistent; (6) the only words actually naming a trust in

14 Assignment of Deed of Trust, is the same trust in the Judgment Quieting Title; (6) even if it was a real trust,

15 or a different trust, the assignment was not prior to the cut-off date in 2006, rendering it a nullity; (7) the

16 Judgment Quieting Title was valid against subsequent trustees; (8) the Corporate Assignment of Deed of

17 Trust is void and unenforceable; (9) the subsequent Substitution of Trustee and Notice of Default are void

18 and unenforceable; (10) both deeds of trust are extinguished/void/unenforceable; (11) the requisite

19 elements are met for the Courts' application of the Doctrines of Res Judicata and Collateral Estoppel; (12)

20 a Court-ordered cancellation of all void, unenforceable instruments from the records of the Office of the

21 San Francisco County Assessor-Recorder, removing the cloud on title to the Property, is the proper remedy.

22 Plaintiff established the likelihood of success on the merits with admissible evidence proving the

23 facts set forth as uncontradictable. The facts and evidence entitle Plaintiff to Declaratory Relief under the

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers):*
RESPONSE TO OSC   CV-13-2820-JST

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___17___

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1   Court's jurisdiction. Plaintiff repectfully requests leave to file an amended complaint according to evidence.

2   The Ninth Circuit has made clear that '[i]n exercising its discretion, 'a court must be guided by the

3   underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or

4   technicalities," Leighton, 833 F.2d at 186, quoting U.S. v. Webb, 655 F.2d 977, 79 (9th Cir.'81). Thank you.

5

6

7

8

9

10                                        VERIFICATION

11            I declare under penalty of perjury under the laws of the United States

12                  of America that the foregoing is true and correct

13

14

15   Executed on the 12th day of August, 2013,
    in San Francisco, California

16                                   Theresa Lynne Murphy

17                                     Plaintiff in Pro Per
                             11 High St. #201, S.F., CA 94114

18                               terrymurphy1618@gmail.com
                                  (415) 529-2829

19

20

21

22

23

24

25

26   *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:
                                       RESPONSE TO OSC   CV-13-2820-JST

27   This page may be used with any Judicial Council form or any other paper filed with the court.       Page ___ 18

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

# EXHIBIT A

**LOS ANGELES**
3625 Del Amo Blvd Suite #350
Torrance, CA 90503
Phone: 310-540-5100
Fax: 310-371-7242

**SAN FRANCISCO**
225 Bush Street 16th floor
San Francisco, CA 94104
Phone: 415-981-0848
Fax: 800-273-6878

Home  ■  About Us  ■  Contact  ■  Links  ■

**STAFF**

Attorneys and Staff
Seminars and Training
Community Activities

**PRACTICES**

Our Practices
Human Resources
Corporate Law
Debt Collection
Employment Practices
Real Estate
OSHA Defense
Healthcare
Insurance
More...

**RELATED ARTICLES**

Job Descriptions - J.Malek
No Full Credit Bids!

**STEVEN GOURLEY**

Steve is a native Californian. Born in Los Angeles, he attended Westchester High School and graduated cum laude, Phi Beta Kappa, from the University of California, Los Angeles with a double major in political science and Spanish. He received a fellowship to attend law school at Boalt Hall at the University of California, Berkeley, where he graduated in 1973.

From 1973 to 1999, Mr. Gourley worked diligently to become an expert in corporate securities and consumer finance lending as an attorney with the United States Securities and Exchange Commission, as Chief Deputy Commissioner of Corporations for the State of California, and as an attorney in private practice where he was a partner with Jeff and Sandy Malek.

He gained his reputation as a tough law enforcement officer as Chief Deputy Commissioner of Corporations where he was responsible for a task force which brought 81 civil actions and 28 criminal actions to recover over $500 million in investor funds from unscrupulous mortgage brokers and lenders.

Mr. Gourley cut his political teeth as a City Councilman and Mayor of the City of Culver City from 1988 to 1996, where he reorganized and simplified the budget process, saved tons of money, built reserves to nearly 50 percent of the city's annual budget, redesigned and rebuilt the city's faltering business district, and constructed a new city hall which was finished 3-months early and $1 million under budget.

Mr. Gourley is and has been a member of numerous commissions, committees, and bar associations.

In late 1999, Governor Gray Davis asked Mr. Gourley to serve as Director of the Department of Motor Vehicles (DMV) and to make the DMV more accessible. Mr. Gourley successfully replaced 18 year old computers in DMV's 170 filed offices, and put licensing, registration and numerous other DMV functions (including appointments) on the internet, thus transforming an agency which has over 9,500 employees, 700 million transactions per year, and a budget of $650 million. DMV collects over $6.5 billion annually.

Mr. Gourley continues to practice law in the fields of securities, real estate, and mortgage lending and brokering, emphasizing his representation of clients before the Department of Real Estate, Department of Corporations, and the Securities & Exchange Commission.

He is one of the original authors of the rules relating to multiple lender loans and is considered one of the pioneers in public offerings of mortgage–based securities in the State of California.

Mr. Gourley has been a frequent speaker on mortgage lending, compliance, fiduciary duty, the California Finance Lender's Law and other issues relating to the California Finance

Lenders and real estate mortgage brokers. Mr. Gourley has also served as an expert witness in litigation relating to securities and mortgage lending for title companies, real estate brokers, and the United States Department of Justice.

Mr. Gourley brings back to Malek & Malek the same determination, work ethic, no-nonsense attitude, and sense of humor that he brought to his previous endeavors.

Mr. Gourley lives in Culver City with his wife, Sharon.

sgourley@maleklaw.com

© 2007 Malek & Malek and San Diego Photographer and Designer, Balance Digital.

# EXHIBIT B

Pages 1 - 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jon S. Tigar, Judge

```
THERESA LYNNE MURPHY,            )
                                 )
           Plaintiff,            )
                                 )
   VS.                           )    NO. C 13-02820 JST
                                 )
THE BANK OF NEW YORK MELLON AS   )
TRUSTEE FOR CERTIFICATE HOLDERS) 
OF STRUCTURED ASSET MORTGAGE     )
INVESTMENTS II, INC.; et al.,    )
                                 )
           Defendants.           )
_____  )
```

San Francisco, California
Thursday, July 11, 2013

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff:

                    11 High Street - #201
                    San Francisco, California  94114
               BY:  **THERESA LYNNE MURPHY**
                    **IN PROPRIA PERSONA**


For Defendants:

                    KEESAL, YOUNG & LOGAN
                    450 Pacific Avenue
                    San Francisco, California  94133
               BY:  **IAN R. ROSS, ATTORNEY AT LAW**



Reported By:        Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
                    Official Reporter

1  regular conversation, you only address the Court.

2          **MS. MURPHY:**  I apologize.

3          **THE COURT:**  Yes, ma'am.

4          **MR. ROSS:**  And if you'll excuse me, I'm just going to

5  bring up the order.

6          **THE COURT:**  Sure.

7          **MR. ROSS:**  Thank you.

8                  (Pause in proceedings.)

9          **MR. ROSS:**  Okay.  So in that prior case, the Bank of

10  New York Mellon as trustee for some different trust answered

11  and disclaimed its interest in the Deed of Trust at issue, and

12  plaintiff later sought a judgment on that.

13      And Judge Kahn quieted title as to the subject property in

14  favor of plaintiff as against Bank of America for a certain

15  Deed of Trust -- for a certain trust and the Bank of New York

16  Mellon for a certain -- a certain mortgage-backed securities

17  trust; and he determined that those defendants did not have any

18  right, title, estate, lien, or interest in the property first

19  to plaintiff, and that was as of January 25th, 2012.

20      And then subsequently MERS, who had the beneficial

21  interest in the first Deed of Trust for the entire period up

22  until October, I believe it's October 11th of 2012, assigned

23  through a corporate assignment of Deed of Trust to Bank of

24  New York Mellon as trustee for the trust that is involved in

25  this case.

1           **MR. ROSS:**  Thank you.

2                    (Proceedings adjourned at 2:46 p.m.)

3                             ---oOo---

4

5

6                    **CERTIFICATE OF REPORTER**

7           I certify that the foregoing is a correct transcript

8    from the record of proceedings in the above-entitled matter.

9

10   DATE:   Monday, July 22, 2013

11

12

13

14   _____

15   Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
                     U.S. Court Reporter
16

17

18

19

20

21

22

23

24

25

# EXHIBIT C

## Figure 1
### *Illustration of the Securitization Process*



Exhibit C

# EXHIBIT D

Figure 2



Bear Stearns
Structured
Asset
Mortgage
Investments II, Inc

Bear
Stearns
Asset
Backed
Securities I, LLC

Exhibit D

# EXHIBIT E

THERESA LYNNE MURPHY
11 High St. #201
San Francisco, CA 94114
Tel: (415) 529-2829
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA LYNNE MURPHY** ) | **CASE NO. CV-13-2820-JST** |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | [Proposed] |
| **THE BANK OF NEW YORK MELLON, AS** ) | **1st AMENDED COMPLAINT for:** |
| **TRUSTEE, FOR CERTIFICATE HOLDERS** ) | **DECLARATORY RELIEF 28 U.S.C. § 2201 & 02;** |
| **OF STRUCTURED ASSET MORTGAGE** ) | **CONSPIRACY AGAINST RIGHTS 18 U.S.C.§241;** |
| **INVESTMENTS II, INC., BEAR STEARNS** ) | **DEPRIVATION OF RIGHTS 42 U.S.C. § 1983;** |
| **ALT-A TRUST, MORTGAGE PASS-THROUGH** ) | **VIOLATION OF RICO ACT 18 U.S.C. § 1962;** |
| **CERTIFICATES, SERIES 2006-2;** ) | **FRAUDULENT CONVEYANCE** |
| **THE BANK OF AMERICA N.A., AS TRUSTEE,** ) | **CAL. CIV. CODE § 3440;** |
| **FOR CERTIFICATE HOLDERS OF** ) | **SLANDER OF TITLE;** |
| **STRUCTURED ASSET MORTGAGE** ) | **REMOVAL OF CLOUD ON TITLE, AND** |
| **INVESTMENT II, INC., MORTGAGE-BACKED** ) | **CANCELLATION OF INSTRUMENTS** |
| **SECURITIES, SERIES 2006-4;** ) | **CAL. CIV. CODE § 3412;** |
| **MORTGAGE ELECTRONIC REGISTRATION** ) | **RES JUDICATA; COLLATERAL ESTOPPEL;** |
| **SYSTEMS INC., AS NOMINEE FOR PRO30** ) | **VIOLATION OF BUSINESS AND** |
| **FUNDING, A CALIFORNIA CORPORATION,** ) | **PROFESSIONS CODE § 17200.** |
| **ITS SUCCESSORS OR ASSIGNS;** ) | |
| **MERSCORP HOLDINGS, INC.; THE WOLF** ) | |
| **FIRM, A LAW CORPORATION; all persons** ) | |
| **unknown, claiming any legal or equitable** ) | |
| **right, title, estate, lien, or interest, in the** ) | |
| **Property adverse to Plaintiffs' title or any** ) | |
| **cloud on Plaintiffs' title; and Does 1-100,** ) | |
| **Inclusive,** ) | |
| **_____ Defendants.** ) | |

First Amended Complaint according to Evidence.

# EXHIBIT  F

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

## CHAIN OF TITLE

12/21/2005 - Clyde Nathan Smith executed the Deeds of Trust

12/23/2005 - Smith Delivered Possession to Theresa L. Murphy - Conveyance for Consideration.
Actual/Constructive Notice, unrecorded owner in possession. Title Perfected.

12/29/2005 - 00:00:01 - Determination Date, Court-Ordered Grant Deed to Theresa L. Murphy, 01/08/2008
15:66:13 - Recordation of 1st Deed of Trust, Doc. No. 2005-I102707-00
15:66:18 - Recordation of 2nd Deed of Trust, Doc. No. 2005-I102708-00
BREAK IN THE CHAIN OF TITLE
FRAUDULENT TRANSFER OF VOID DEEDS OF TRUST
Purportedly conveying the notes and security instruments to -"Pro30 Funding, a California
Corporation, organized and existing under the laws of the state of California".
Pursuant to UCC-9-309, a security interest must be perfected.
"A security interest becomes enforceable against collateral as soon as it attaches.
Attachment of a security interest does not ensure that a secured party's interest in the
collateral will be superior to the interest of other lienors or subsequent buyers, lessees, or
licensee. In general, to obtain priority over such other claimants, the security interest must be
perfected." For real property, the security instrument is perfected upon recordation.
Murphy's Perfection of Title upheld by Court Ordered Grant Deed with Determination Date
of Dec. 29, 2005, establishing first-in-line priorty over unenforceable Deeds of Trust.
No exceptions to implied covenants were carved out or expressly restrained under CC § 1113.

01/09/2008 - Admissible Evidence: (1) Certified Court-Ordered Grant Deed, recorded Jan. 9, 2008, in the
Office of the San Francisco County Assessor-Recorder, as Document No. 2008-I516250-00.
(2) Certified Judgment by the Hon. William Gargano with Determination Date of 12/29/2005;
(3) Ruling of the Hon. Judge Busch upholding the Judgment by the Hon. William Gargano;
(4) Certification of No Record of corporation from CA Secretary of State, executed
02/15/2013; (5) Certificate of Search from CA. Dept. of Business Oversight; (6) 1st Deed of
Trust; (7) 2nd Deed of Trust;

03/01/2006 - Cut-off Date, for Certificate Holders of Structured Assett Mortgage Investments II, Inc.,
Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2
03/31/2006 - Closing Date, for Certificate Holders of Structured Assett Mortgage Investments II, Inc.,
Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2
03/01/2006 - Cut-off Date, for Certificate Holders of Structured Assett Mortgage Investments II, Inc.,
Mortgage Backed Security, Series 2006-4
03/31/2006 - Closing Date, for Certificate Holders of Structured Assett Mortgage Investments II, Inc.,
Mortgage Backed Security, Series 2006-4
BREAK IN THE CHAIN OF TITLE
FRAUDULENT TRANSFER OF VOID DEEDS OF TRUST

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:
CHAIN OF TITLE    CV-13-2820-JST

This page may be used with any Judicial Council form or any other paper filed with the court.
Page ___1___

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper
EXHIBIT F
CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1     Admissible Evidence: (8) Certified Amended Pooling and Servicing Agreement, Bear Stearns
2     Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2, Filing Date 10/10/2006,
    CIK No. 0001353623; (9) Certified Form 10-K, Filing Date 03/29/2007, CIK No. 001357833;
3     (10) Certified Form 15, Notice of Suspension of Duty to File Reports, Last Filing 01/26/2007;
    (11) Certified Pooling and Servicing Agreement, Certificate Holders of Structured Assett
4     Mortgage Investments II, Inc.,Mortgage Backed Security, Series 2006-4, Filing Date
    03/30/2006, CIK No. 0001356882; (12) Certified Form 10-K, for 2006; (13) Certified Form
5     15, Notice of Suspension of Duty to File Reports, Last Filing Date 01/30/2007; (14)
6     Declaration of Expert Witness, Mr. Steven Gourley; (15) Attestation from SEC CERTIFY;

7 01/27/2012 - JUDGMENT QUIETING TITLE against the Bank of New York Mellon, as Trustee, for
    Certificate Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns ALT-A
8     Trust, Mortgage Pass-Through Certificates, Series 2006-2, extinguished 1st Deed of Trust
    recorded Dec. 29, 2005, as Document No. 2005-I102707-00.
9

10     Judgment Quieting Title against the Bank of America, N.A., as Trustee, for Certificate
    Holders of Structured Asset Mortgage Investments II, Inc., Mortgage Backed Securities,
11     Series 2006-4, extinguished 2nd Deed of Trust recorded Dec. 29, 2005, as Document No.
    2005-I102708-00.
12

13 07/24/2012 - Admissible Evidence: (16) Certified Judgment Quieting Title recorded July 24, 2012, as
    Document No. 2012-J454298-00, in the Office of the San Francisco County Assessor-
14     Recorder = Constructive Notice.

15 12/03/2012 - Complaint for Removal of Cloud on Title by Cancellation of Instruments, CA Superior Court,
    Dissmissed Without Prejudice to file in Federal Court.
16

    SLANDER OF TITLE
17

18 10/10/2012 - Execution of false Corporate Assignment of Deed of Trust
12/26/2012 - Recordation of false Corporate Assignment of Deed of Trust
19 01/28/2013 - Execution of false Substitution of Trustee
02/12/2013 - Recordation of false Substitution of Trustee
20 02/08/2013 - Execution of false Notice of Default
02/12/2013 - Recordation of false Notice of Default
21

22     BREAK IN THE CHAIN OF TITLE
    FRAUDULENT TRANSFER OF VOID 1st DEED OF TRUST

23 06/19/2013 - Complaint filed with San Francisco District Court, CV-13-2820-JST
24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:     CHAIN OF TITLE     CV-13-2820-JST

27 | This page may be used with any Judicial Council form or any other paper filed with the court. | Page   2 |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1

2                                         VERIFICATION

3              I declare under penalty of perjury under the laws of the United

4                    States of America that the foregoing is true and correct.

5

6

7  Executed on this 12th day of August, 2013
8  in San Francisco, California.
                                                    Theresa Lynne Murphy
9                                                   Plaintiff in Pro Per
                                                    11 High St. #201, S.F., CA 94114
10                                                  terrymurphy1618@gmail.com
                                                    (415) 529-2829
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

CHAIN OF TITLE    CV-13-2820-JST

27  This page may be used with any Judicial Council form or any other paper filed with the court.          Page _3_

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

EXHIBIT  G

DISC-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* |
|---|

Theresa L. Murphy
11 High Street #201
San Francisco, CA 94114

TELEPHONE NO.: 415-529-2829
FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):* terrymurphy1618@gmail.com
ATTORNEY FOR *(Name):* Plaintiff in pro per

DISTRICT COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO

SHORT TITLE OF CASE:

Theresa Lynne Murphy v. The Bank of New York Mellon, as Trustee, et.al.

| FORM INTERROGATORIES—GENERAL | CASE NUMBER: |
|---|---|
| **Asking Party:** Theresa Lynne Murphy<br>The Bank of New York Mellon, as Trustee<br>**Answering Party:** MERS as nominee for Pro30 Funding, a CA corp., and<br>The Wolf Firm<br>**Set No.:** 1 | CV-13-2820-JST |

## Sec. 1. Instructions to All Parties

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

## Sec. 2. Instructions to the Asking Party

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, Form *Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

## Sec. 3. Instructions to the Answering Party

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

July 24, 2013
*(DATE)*

_____
*(SIGNATURE)*

## Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

☐ (1) **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

**FORM INTERROGATORIES—GENERAL**

Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

CV-13-2820-JST

☑ **(2) INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)"):*

False Corporate Assignment of Deed of Trust, and Valid Judgment Quieting Title

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c) **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d) **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e) **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f) **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

### CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

☑ 1.1 State the name, **ADDRESS,** telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—individual**

☐ 2.1 State:
(a) your name;
(b) every name you have used in the past; and
(c) the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the **INCIDENT,** did you have a driver's license? If so state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.4 At the time of the **INCIDENT,** did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a) the state or other issuing entity;
(b) the license number and type;
(c) the date of issuance; and
(d) all restrictions.

☐ 2.5 State:
(a) your present residence **ADDRESS;**
(b) your residence **ADDRESSES** for the past five years; and
(c) the dates you lived at each **ADDRESS.**

☐ 2.6 State:
(a) the name, **ADDRESS,** and telephone number of your present employer or place of self-employment; and
(b) the name, **ADDRESS,** dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

☐ 2.7 State:
(a) the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b) the dates you attended;
(c) the highest grade level you have completed; and
(d) the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a) the city and state where you were convicted;
(b) the date of conviction;
(c) the offense; and
(d) the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

CV-13-2820-JST

DISC-001

2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS,** and telephone number of that **PERSON:** and
(b) a description of your duties.

2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT.**

2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS,** and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS,** and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

## 3.0 General Background Information—Business Entity

✔ 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

✔ 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

✔ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

✔ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

## 4.0 Insurance

✔ 4.1 At the time of the **INCIDENT,** was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS,** and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS,** and telephone number of the custodian of the policy.

✔ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

## 5.0 *[Reserved]*

## 6.0 Physical, Mental, or Emotional Injuries

6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7).*

6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

**FORM INTERROGATORIES—GENERAL**

CV-13-2820-JST

6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

6.4   Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS,** and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

6.5   Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS,** and telephone number of each provider.

6.7   Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

## 7.0  Property Damage

7.1   Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT**?   If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

7.2   Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

7.3   Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

## 8.0  Loss of Income or Earning Capacity

☑ 8.1   Do you attribute any loss of income or earning capacity to the **INCIDENT**? *(If your answer is "no," do not answer interrogatories 8.2 through 8.8).*

8.2   State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

8.3   State the last date before the **INCIDENT** that you worked for compensation.

8.4   State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

8.5   State the date you returned to work at each place of employment following the **INCIDENT.**

8.6   State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

☑ 8.7   State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

☑ 8.8   Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

CV-13-2820-JST

**9.0 Other Damages**

☑ 9.1 Are there any other damages that you attribute to the **INCIDENT?** If so, for each item of damage state:
(a) the nature;
(b) the date it occurred;
(c) the amount; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** to whom an obligation was incurred.

☑ 9.2 Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**10.0 Medical History**

☐ 10.1 At any time before the **INCIDENT** did you have complaints or injuries that involved the same part of your body claimed to have been injured in the **INCIDENT?** If so, for each state:
(a) a description of the complaint or injury;
(b) the dates it began and ended; and
(c) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

☐ 10.2 List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT.** *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3 At any time after the **INCIDENT,** did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
(a) the date and the place it occurred;
(b) the name, **ADDRESS,** and telephone number of any other **PERSON** involved;
(c) the nature of any injuries you sustained;
(d) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e) the nature of the treatment and its duration.

**11.0 Other Claims and Previous Claims**

☐ 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
(a) the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;
(d) the name, **ADDRESS,** and telephone number of any attorney representing you;
(e) whether the claim or action has been resolved or is pending; and
(f) a description of the injury.

☐ 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
(a) the date, time, and place of the **INCIDENT** giving rise to the claim;
(b) the name, **ADDRESS,** and telephone number of your employer at the time of the injury;
(c) the name, **ADDRESS,** and telephone number of the workers' compensation insurer and the claim number;
(d) the period of time during which you received workers' compensation benefits;
(e) a description of the injury;
(f) the name, **ADDRESS,** and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g) the case number at the Workers' Compensation Appeals Board.

**12.0 Investigation—General**

☑ 12.1 State the name, **ADDRESS,** and telephone number of each individual:
(a) who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT;**
(b) who made any statement at the scene of the **INCIDENT;**
(c) who heard any statements made about the **INCIDENT** by any individual at the scene; and
(d) who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure section 2034).

☑ 12.2 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual concerning the **INCIDENT?** If so, for each individual state:
(a) the name, **ADDRESS,** and telephone number of the individual interviewed;
(b) the date of the interview; and
(c) the name, **ADDRESS,** and telephone number of the **PERSON** who conducted the interview.

☑ 12.3 Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or recorded statement from any individual concerning the **INCIDENT?** If so, for each statement state:
(a) the name, **ADDRESS,** and telephone number of the individual from whom the statement was obtained;
(b) the name, **ADDRESS,** and telephone number of the individual who obtained the statement;
(c) the date the statement was obtained; and
(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original statement or a copy.

CV-13-2820-JS

DISC-001

12.4  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

☐ 12.5  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT?** If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

☐ 12.6  Was a report made by any **PERSON** concerning the **INCIDENT?** If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

☐ 12.7  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT?** If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

## 13.0 Investigation—Surveillance

☐ 13.1  Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

13.2  Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

## 14.0 Statutory or Regulatory Violations

☑ 14.1  Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT?** If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

☑ 14.2  Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT?** If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

## 15.0 Denials and Special or Affirmative Defenses

☑ 15.1  Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

## 16.0 Defendant's Contentions—Personal Injury

☐ 16.1  Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.2  Do you contend that plaintiff was not injured in the **INCIDENT?** If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

CV-13-2820-JS

☐ 16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the **INCIDENT**? If so, for each injury:

(a) identify it;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.4 Do you contend that any of the services furnished by any **HEALTH CARE PROVIDER** claimed by plaintiff in discovery proceedings thus far in this case were not due to the **INCIDENT**? If so:

(a) identify each service;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.5 Do you contend that any of the costs of services furnished by any **HEALTH CARE PROVIDER** claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the **INCIDENT**? If so:

(a) identify each part of the loss;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.7 Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the **INCIDENT**? If so:

(a) identify each item of property damage;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

☐ 16.9 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the **INCIDENT** by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each **DOCUMENT;**

(b) the date each claim arose;

(c) the nature of each claim; and

(d) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

☐ 16.10 Do **YOU OR ANYONE ACTING ON YOUR BEHALF** have any **DOCUMENT** concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a **HEALTH CARE PROVIDER** not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, **ADDRESS,** and telephone number of each **HEALTH CARE PROVIDER;**

(b) a description of each **DOCUMENT**; and

(c) the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**17.0 Responses to Request for Admissions**

☑ 17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;

(b) state all facts upon which you base your response;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your response and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**18.0** *[Reserved]*

**19.0** *[Reserved]*

**20.0 How the Incident Occurred—Motor Vehicle**

☐ 20.1 State the date, time, and place of the **INCIDENT** (closest street **ADDRESS** or intersection).

☐ 20.2 For each vehicle involved in the **INCIDENT,** state:

(a) the year, make, model, and license number;

(b) the name, ADDRESS, and telephone number of the driver;

CV-13-2820-JS

(c) the name, **ADDRESS,** and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS,** and telephone number of each registered owner;

(e) the name, **ADDRESS,** and telephone number of each lessee;

(f) the name, **ADDRESS,** and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT,** and state the location of each trip stop, other than routine traffic stops, during the trip leading up to the **INCIDENT.**

20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT.**

20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

20.7 Was there a traffic signal facing you at the time of the **INCIDENT?** If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT.**

20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT;**
(b) at the time of the **INCIDENT;** and (c) just after the **INCIDENT.**

20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT?** If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS,** and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS,** and telephone number of each **PERSON** who has custody of each defective part.

20.11 State the name, **ADDRESS,** and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT.**

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(b) state each part of the agreement not in writing, the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT;**
(e) state each modification not in writing, the date, and the name, **ADDRESS,** and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS,** and telephone number of each **PERSON** who has the **DOCUMENT.**

50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

50.5 Is any agreement alleged in the pleadings unenforce-able? If so, identify each unenforceable agreement and state why it is unenforceable.

50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

CV-13-2820-JT

# EXHIBIT  H

THERESA LYNNE MURPHY
11 HIGH ST. #201
SAN FRANCISCO, CA 94114
Tel: (415) 529-2829
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA LYNNE MURPHY**<br>　　　　　　　　　　　**Plaintiff,**<br>　　**v.**<br><br>**THE BANK OF NEW YORK MELLON  AS**<br>**TRUSTEE, FOR CERTIFICATE HOLDERS**<br>**OF STRUCTURED ASSET MORTGAGE**<br>**INVESTMENTS II.,INC., BEAR STEARNS**<br>**ALT-A TRUST, MORTGAGE PASS-**<br>**THROUGH CERTIFICATES, SERIES**<br>**2006-2, f/k/a THE BANK OF NEW YORK**<br>**AS SUCCESSOR TO JPMORGAN CHASE**<br>**BANK N.A., AS TRUSTEE FOR BEAR**<br>**STEARNS ASSET BACKED SECURITIES,**<br>**BEAR STEARNS ALT-A TRUST, MORTGAGE**<br>**PASS-THROUGH CERTIFICATES SERIES**<br>**2006-2; MORTGAGE ELECTRONIC**<br>**REGISTRATION SYSTEMS INC., AS**<br>**NOMINEE FOR PRO30 FUNDING, A**<br>**CALIFORNIA CORPORATION; MERSCORP**<br>**HOLDINGS, INC.; THE WOLF FIRM, A LAW**<br>**CORPORATION; all persons unknown,**<br>**claiming  any legal or equitable right, title,**<br>**estate, lien, or interest, in the Property**<br>**adverse to  Plaintiffs' title  or any cloud on**<br>**Plaintiffs' title; and Does 1-100, Inclusive,**<br>　　　　　　　　　　　　**Defendants.** | **CASE NO. CV-13-2820-JST**<br><br>**THERESA LYNNE MURPHYS'**<br>**REQUEST FOR ADMISSIONS**<br> **SET ONE** |

PROPOUNDING PARTY:   Plaintiff, Theresa Lynne Murphy,

RESPONDING PARTY:       Defendants:  The Bank of New York Mellon, as Trustee; MERS as

Nominee for Pro30 Funding, a California Corporation; The Wolf Firm, a Law Corporation.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Theresa Lynne Murphy hereby requests

that the above named Defendants admit, within thirty 30 days of service of this request, for the

purposes of this action only, that each of the following statements is true.

| SHORT TITLE: | ASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

## REQUESTS FOR ADMISSIONS

1.)  Request for Admissions No. 1:

Please Admit that "Bear Stearns Alt-A Trust 2006-2", is the exact name of the Issuing Entity as specified in its charter, pursuant to SEC Form 10-K, CIK # 001357833, Filing Date 03/29/2007.

2.)  Request for Admissions No. 2:

Please Admit that the full name of the trust is: "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", ("BALTA 2006-2"), pursuant to the Amended Pooling and Servicing Agreement, CIK # 0001353623, Filing Date 10/10/2006.

3.)  Request for Admissions No. 3:

Please Admit that the full name of the trust in the Corporate Assignment of Deed of Trust, is: "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", recorded on Dec. 26, 2012, as Document No. 2012-J571666-00, in the Office of the San Francisco County Assessor-Recorder.

4.)  Request for Admissions No. 4:

Please Admit that the full name of the trust in the Judgment Quieting Title, is "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", recorded on July 24, 2012, as Document No. 2012-J454298-00, in the Office of the San Francisco County Assessor-Recorder.

5.)  Request for Admissions No. 5:

Please Admit that "Structured Asset Mortgage Investments II Inc.", is the exact name of the depositor as specified in its charter, re "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", pursuant to SEC Form 10-K, CIK # 001357833, Filing Date 03/29/2007.

6.)  Request for Admissions No. 6:

Please Admit that "Bear Stearns Asset-Backed Securities I LLC", is the exact name of a different depositor, re different trusts, "Bear Stearns Asset-Backed Securities I Trust 2006 - "___".

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.          Page ___1

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1    7.)    Request for Admissions No. 7:

2    Please Admit that "I LLC" was omitted from the exact name of, "Bear Stearns Asset-Backed

3 Securities".

4    8.)    Request for Admissions No. 8:

5
      Please Admit that the "numbers" of any Bear Stearns Asset-Backed Securities "I" Trust 2006 - "___",
6
7 were omitted.

8    9.)    Request for Admissions No. 9:

9    Please Admit that "Bear Stearns Asset-Backed Securities", is not the exact name of any depositor.

10   10.)    Request for Admissions No. 10:

11   Please Admit that "Bear Stearns Asset-Backed Securities, Bear Stearns Alt-A Trust, Mortgage Pass-

12 Through Certificates, Series 2006-2", is not the exact name of any trust.

13   11.)    Request for Admissions No. 11:

14   Please Admit that Bear Stearns Asset-Backed Securities, is the Security Exchange Commission's

15 (SEC) description of the Standard Industrial Classification (SIC) Code 6189, that appears in a company's

16 EDGAR filings that indicates the type of business.

17   12.)    Request for Admissions No. 12:

18   Please Admit that "Bear Stearns Asset-Backed Securities I LLC" (BSABS)", and "Structured Asset

19 Mortgage Investments II Inc." ("SAMI"), were wholly owned subsidiaries of Bear Stearns Companies Inc.
20
("BSI"), which was acquired by JPMorgan Chase.
21
22   13.)    Request for Admissions No. 13:

23   Please Admit that JPMorgan Chase merged with BSI effective Mar. 16, 2008, making BSABS and

24 SAMI, wholly owned subsidiaries of JPMorgan Chase.

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ___2___ |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE:<br>Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER:<br>CV-13-2820-JST |
|---|---|

14.)     Request for Admissions No. 14:

Please Admit that Bear Stearns Asset-Backed Securities, "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", is Not "a different trust" - than the trust named in Judgment Quieting Title against the Bank of New York Mellon, as Trustee, for Certificate Holders of Structured Asset Mortgage Investments II, Inc., "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2".

15.)     Request for Admissions No. 15:

Please Admit that the Judgment Quieting Title extinguished the 1st Deed of Trust, recorded Dec. 29, 2005, as Document No. 2005-I102707-00, in the Office of the San Francisco County Assessor-Recorder.

16.)     Request for Admissions No. 16:

Please Admit that MERS has no interest in the legal title to the Property, as nominee, for the Bank of New York Mellon, as Trustee, for Certificate Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2.

17.)     Request for Admissions No. 17:

Please Admit that MERS has no interest in the legal title to the Property, as nominee, for the Bank of New York Mellon, as Trustee, for Bear Stearns Asset-Backed Securities, Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2.

18.)     Request for Admissions No. 18:

Please Admit that the Bank of New York Mellon, has no interest in the legal title to the Property, as the Bank of New York Mellon, as Trustee, for Bear Stearns Asset-Backed Securities, Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2".

19.)     Request for Admissions No. 19:

Please Admit that the Bank of New York Mellon, as Trustee, for Bear Stearns Asset-Backed

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.                    Page ___3___

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**                    CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1  Securities, Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", has no interest

2  in the legal title to the Property.

3      20.)    Request for Admissions No. 20:

4      Please Admit that MERS used the following exact words to identify the trust in their complaint to

5  quiet title in Case No. CGC-08-473479: "Mortgage Electronic Registration Systems, Inc., as nominee for

6

7  J.P.Morgan Chase Bank, as Trustee, for Certificate Holders of Structured Asset Mortgage Investments II,

8  Inc, Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2".

9      21.)    Request for Admissions No. 21:

10      Please Admit that J.P.Morgan Chase Bank, was not the trustee, but that J.P.Morgan Chase Bank,

11  National Association, was formerly known as the trustee in 2006, re Certificate Holders of Structured

12  Asset Mortgage Investments II. Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series

13  2006-2, on the date Case No. CGC-08-473479 was filed.

14      22.)    Request for Admissions No. 22:

15      Please Admit that the Bank of New York Mellon was the trustee in 2008, for Certificate Holders of

16  Structured Asset Mortgage Investments II. Inc., Bear Stearns Alt-A Trust, Mortgage Pass-Through

17  Certificates, Series 2006-2, on the date Case No. CGC-08-473479 was filed.

18      23.)    Request for Admissions No. 23:

19      Please Admit that MERS used the following exact words in Case No. CGC-08- 473479, re the

20  2nd Deed of Trust, Document No. 2005-I102708-00: "Mortgage Electronic Registration Systems, Inc., as

21

22  nominee for LaSalle Bank National Association, as Trustee, for Structured Mortgage Asset Investments II,

23  Inc., Mortgage Backed Certificates, Series 2006-4".

24      24.)    Request for Admissions No. 24:

25      Please Admit that LaSalle Bank N.A., was not the trustee, but formerly known as the trustee,

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.          Page __4__

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1  re Certificate Holders of Structured Asset Mortgage Investments II. Inc., Mortgage Backed Certificates,

2  Series 2006-4, on the date Case No. CGC-08-473479 was filed.

3      25.)    Request for Admissions No. 25:

4
5      Please Admit that Bank of America N.A., was the trustee, for Structured Mortgage Asset Investments

6  II. Inc., Mortgaged Backed Certificates, Series 2006-4, on the date Case No. CGC-08-473479 was filed.

7      26.)    Request for Admissions No. 26:

8      Please Admit that the 1st Deed of Trust, Document No. 2005-I102707-00, was assigned to the "Bear

9  Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2".

10      27.)    Request for Admissions No. 27:

11      Please Admit that the Note re 1st Deed of Trust, Document No. 2005-I102707-00, was assigned to the

12  "Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-2".

13      28.)    Request for Admissions No. 28:

14      Please Admit that the Lender, Pro30 Funding, was not a California corporation, organized and

15  existing under the laws of the state of California, as purported in 1st Deed of Trust, Document No. 2005-

16  I102707-00.

17      29.)    Request for Admissions No. 29:

18
19      Please Admit that the Lender, Pro30 Funding, was a ficticious DBA.

20      30.)    Request for Admissions No. 30:

21      Please Admit that the Lender, Pro30 Funding, was not licensed as a California Finance Lender in

22  2005, with the Department of Corporations.

23      31.)    Request for Admissions No. 31:

24      Please Admit that MERS does not claim to be the nominee for any unknown defendants who may

25

26  *(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, **not** line numbers):*

27  | This page may be used with any Judicial Council form or any other paper filed with the court. | Page ____5 |
|---|---|

Form Approved by the
Judicial Council of California
MC-020 [New January 1 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201. 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1  claim any legal or equitable right, title, estate, lien, or interest in the Property adverse to Plaintiffs' title, or

2  any cloud on Plaintiffs' title.

3      32.)    Request for Admissions No. 32:

4      Please Admit that Trustees have a duty to disclose that they are the trustee, their exact name as the

5  trustee, and the exact name of the trust, pursuant to Probate Code § 18000, to avoid liability.

6

7

8                                              Respectfully Submitted,

9

10  July 24, 2013

11                                              Theresa Lynne Murphy
                                               Plaintiff in Pro Per
12                                             11 High St. #201, S.F., CA 94114
13                                             terrymurphy1618@gmail.com
                                               (415) 529-2829
14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.                    Page ___6___

# EXHIBIT I

THERESA LYNNE MURPHY
11 HIGH ST. #201
SAN FRANCISCO, CA 94114
Tel: (415) 529-2829
Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA LYNNE MURPHY**              ) | **CASE NO. CV-13-2820-JST** |
| **Plaintiff,**                        ) | |
| **v.**                                ) | |
|                                       ) | |
| **THE BANK OF NEW YORK MELLON  AS**   ) | **PLAINTIFF THERESA LYNNE MURPHY'S** |
| **TRUSTEE, FOR CERTIFICATE HOLDERS**  ) | **SPECIAL INTERROGATORIES.** |
| **OF STRUCTURED ASSET MORTGAGE**      ) | **SET ONE** |
| **INVESTMENTS II.,INC., BEAR STEARNS**) | |
| **ALT-A TRUST, MORTGAGE PASS-**       ) | |
| **THROUGH CERTIFICATES, SERIES**      ) | |
| **2006-2, f/k/a THE BANK OF NEW YORK**) | |
| **AS SUCCESSOR TO JPMORGAN CHASE**    ) | |
| **BANK N.A., AS TRUSTEE FOR BEAR**    ) | |
| **STEARNS ASSET BACKED SECURITIES,**  ) | |
| **BEAR STEARNS ALT-A TRUST, MORTGAGE)** | |
| **PASS-THROUGH CERTIFICATES SERIES**  ) | |
| **2006-2; MORTGAGE ELECTRONIC**       ) | |
| **REGISTRATION SYSTEMS INC., AS**     ) | |
| **NOMINEE FOR PRO30 FUNDING, A**      ) | |
| **CALIFORNIA CORPORATION; MERSCORP )**| |
| **HOLDINGS, INC.; THE WOLF FIRM, A LAW)** | |
| **CORPORATION; all persons unknown,** ) | |
| **claiming  any legal or equitable right, title, )** | |
| **estate, lien, or interest, in the Property**  ) | |
| **adverse to  Plaintiffs' title  or any cloud on**  ) | |
| **Plaintiffs' title; and Does 1-100, Inclusive,**  ) | |
| **_____Defendants.___)** | |

PROPOUNDING PARTY:    Plaintiff, Theresa Lynne Murphy,

RESPONDING PARTY:     Defendants:  The Bank of New York Mellon, as Trustee; MERS

as Nominee for Pro30 Funding, a California Corporation; The Wolf Firm, a Law Corporation.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Theresa Lynne Murphy hereby

requests that the above named Defendants respond to Set One of Special Interrogatories, within

thirty 30 days of service of this request.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

## SPECIAL INTERROGATORIES

1.) Special Interrogatory No. 1:

Are Defendants aware of any other entities with a direct financial interest in the outcome of this litigation?

2.) Special Interrogatory No. 2:

What evidence do Defendants have that the 1st Deed of Trust, Document No. 2005-I102707-00, Recorded Dec. 29, 2005, in the records of the San Francisco County Assessor-Recorder, was deposited into, "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2"?

3.) Special Interrogatory No. 3:

Regarding the cause of action to quiet title - what evidence do Defendants have that the Note purportedly secured by the 1st Deed of Trust, Document No. 2005-I102707-00, Recorded Dec. 29, 2005, in the records of the San Francisco County Assessor-Recorder, was assigned to, "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2"?

4.) Special Interrogatory No. 4:

What evidence do Defendants have that the 1st Deed of Trust, Document No. 2005-I102707-00, Recorded Dec. 29, 2005, in the records of the San Francisco County Assessor-Recorder, was assigned to, "Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2"?

5.) Special Interrogatory No. 5:

Regarding the cause of action to quiet title - what evidence do Defendants have that the Note purportedly secured by the 1st Deed of Trust, Document No. 2005-I102707-00, Recorded Dec. 29, 2005, in the records of the San Francisco County Assessor-Recorder, was assigned to, "Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2"?

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___1

| | |
|---|---|
| Form Approved by the<br>Judicial Council of California<br>MC-020 [New January 1, 1987] | **ADDITIONAL PAGE**<br>**Attach to Judicial Council Form or Other Court Paper** |

CRC 201, 501

| SHORT TITLE: Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER: CV-13-2820-JST |
|---|---|

1   6.)   Special Interrogatory No. 6:

2   What is the exact name of the Trust into which the subject Note was assigned?

3   7.)   Special Interrogatory No. 7:

4   What is the date that the 1st Deed of Trust was assigned to the Trust into which Note was assigned?

5   8.)   Special Interrogatory No. 8:

6   Who is the holder-in-possession of the Note at this time?

7   9.)   Special Interrogatory No. 9:

8   Who is the owner of the purported equitable interest in the Note?

9   10.)   Special Interrogatory No. 10:

10   Did MERS receive any consideration from the Bank of New York Mellon for Corporate Assignment

11   of Deed of Trust?

12   11.)   Special Interrogatory No. 11:

13   Did MERS receive any consideration from the Bank of New York Mellon, as Trustee, for Bear

14   Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series

15   2006-2, for Corporate Assignment of Deed of Trust?

16   12.)   Special Interrogatory No. 12:

17   Did MERS receive any consideration from the Bank of New York Mellon, as Trustee, for Bear

18   Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2, for Corporate Assignment of

19   Deed of Trust?

20   13.)   Special Interrogatory No. 13:

21   Who was the purported successor or assign of Pro30 Funding on the date of recordation of the

22   Corporate Assignment of Deed of Trust, on Dec. 26, 2012?

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.   **Page** 2

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987]   **ADDITIONAL PAGE** Attach to Judicial Council Form or Other Court Paper   CRC 201, 501

| SHORT TITLE:<br>Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER:<br>CV-13-2820-JST |
|---|---|

14.) Special Interrogatory No. 14:

What legal basis did MERS, as nominee, have for omitting the designation "a California corporation" after the name of "Pro30 Funding" in the Corporate Assignment of Deed of Trust?

15.) Special Interrogatory No. 15:

What legal basis did MERS, as nominee, have for omitting the name any purported successor or assign of "Pro30 Funding" in the Corporate Assignment of Deed of Trust?

16.) Special Interrogatory No. 16:

Why did the Bank of New York Mellon f/k/a/ the Bank of New York as successor to JPMorgan Chase Bank N.A., as Trustee for, "Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", pay MERS any consideration for the 1st Deed of Trust, Document No. 2005-I102707-00, Recorded Dec. 29, 2005, in the records of the San Francisco County Assessor-Recorder, with knowledge that it was a non-performing loan for over 7 years?

17.) Special Interrogatory No. 17:

Why did the "Bank of New York Mellon f/k/a/ the Bank of New York as successor to JPMorgan Chase Bank N.A., as Trustee for, Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", pay MERS any consideration for the 1st Deed of Trust, with Constructive Notice of an existing Judgment Quieting Title against the Bank of New York Mellon, as Trustee, for "Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", recorded on July 24, 2012, as Document No. 2012-J454298-00, in the Office of the San Francisco County Assessor-Recorder?

18.) Special Interrogatory No. 18:

If, as Defendants allege, that the Bank of New York Mellon, as Trustee, was unaffected by the Judgment Quieting Title - Then why did MERS assign the Deed of Trust to the Bank of NewYork Mellon?

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page ___3___

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

SHORT TITLE:
— Murphy vs. The Bank of New York Mellon, as Trustee, et al.

CASE NUMBER:
CV-13-2820-JST

1   19.)  Special Interrogatory No. 19:

2   What legal basis did MERS have for omitting the designation, "as Trustee", after the Bank of New

3 York Mellon, in the Corporate Assignment of Deed of Trust ?

4   20.)  Special Interrogatory No. 20:

5   What legal basis does the Bank of New York Mellon have for omitting the designation, "as Trustee",

6

7 after the Bank of New York Mellon, in their pleadings before this Court?

8   21.)  Special Interrogatory No. 21:

9   What legal basis did MERS have for adding the words, "Bear Stearns Asset-Backed Securities", in

10 front of "Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", in the Corporate

11 Assignment of Deed of Trust?

12   22.)  Special Interrogatory No. 22:

13   What legal basis do Defendants have for believing that, "Bear Stearns Asset-Backed Securities, Bear

14 Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", in the Corporate Assignment of

15 Deed of Trust - is a different trust than - "Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-

16 A Trust, Mortgage Pass-Through Certificates, Series 2006-2" in the Judgment Quieting Title?

17   23.)  Special Interrogatory No. 23:

18   What evidence do Defendants have for believing that, "Bear Stearns Asset-Backed Securities, Bear

19 Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2", in the Corporate Assignment of

20 Deed of Trust, - is a different trust than - "Structured Asset Mortgage Investments II Inc., Bear Stearns

21 ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2" in the Judgment Quieting Title?

22

23   24.)  Special Interrogatory No. 24:

24   Who authorized MERS, as nominee, to initiate foreclosure proceedings by executing the Corporate

25 Assignment of Deed of Trust for recordation?

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 This page may be used with any Judicial Council form or any other paper filed with the court.     Page ___4___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]
**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**
CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1   25.)    Special Interrogatory No. 25

2      What was the date of the wire transfer of funds from the lender to the title company, at the close of

3 escrow, re 1st Deed of Trust, Document No. 2005-I102707-00, Recorded Dec. 29, 2005, in the records of

4 the San Francisco County Assessor-Recorder?

5

6

7                                  Respectfully Submitted,

8 July 24, 2013

9                                   Theresa Lynne Murphy

10                                   Plaintiff in Pro Per
                                  11 High St. #201, S.F., CA 94114

11                                   terrymurphy1618@gmail.com
                                  (415) 529-2829

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27   This page may be used with any Judicial Council form or any other paper filed with the court.      Page   5

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

# EXHIBIT J

THERESA LYNNE MURPHY
11 HIGH ST. #201
SAN FRANCISCO, CA 94114
Tel: (415) 529-2829
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THERESA LYNNE MURPHY** ) | **CASE NO. CV-13-2820-JST** |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | |
| **THE BANK OF NEW YORK MELLON  AS** ) | **PLAINTIFF THERESA LYNNE MURPHY'S** |
| **TRUSTEE, FOR CERTIFICATE HOLDERS** ) | **REQUEST FOR PRODUCTION AND THINGS.** |
| **OF STRUCTURED ASSET MORTGAGE** ) | **SET ONE** |
| **INVESTMENTS II.,INC., BEAR STEARNS** ) | |
| **ALT-A TRUST, MORTGAGE PASS-** ) | |
| **THROUGH CERTIFICATES, SERIES** ) | |
| **2006-2, f/k/a THE BANK OF NEW YORK** ) | |
| **AS SUCCESSOR TO JPMORGAN CHASE** ) | |
| **BANK N.A., AS TRUSTEE FOR BEAR** ) | |
| **STEARNS ASSET BACKED SECURITIES,** ) | |
| **BEAR STEARNS ALT-A TRUST, MORTGAGE**) | |
| **PASS-THROUGH CERTIFICATES SERIES** ) | |
| **2006-2; MORTGAGE ELECTRONIC** ) | |
| **REGISTRATION SYSTEMS INC., AS** ) | |
| **NOMINEE FOR PRO30 FUNDING, A** ) | |
| **CALIFORNIA CORPORATION; MERSCORP** ) | |
| **HOLDINGS, INC.; THE WOLF FIRM, A LAW**) | |
| **CORPORATION; all persons unknown,** ) | |
| **claiming  any legal or equitable right, title,** ) | |
| **estate, lien, or interest, in the Property** ) | |
| **adverse to  Plaintiffs' title  or any cloud on** ) | |
| **Plaintiffs' title; and Does 1-100, Inclusive,** ) | |
| **Defendants.** ) | |

PROPOUNDING PARTY:    Plaintiff, Theresa Lynne Murphy,

RESPONDING PARTY:      Defendants:  The Bank of New York Mellon, as Trustee; MERS

as Nominee for Pro30 Funding, a California Corporation; The Wolf Firm, a Law Corporation.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Theresa Lynne Murphy hereby

requests that the above named Defendants respond to Set One of Plaintiffs Request for Production

and Things, within thirty 30 days of service of this request.

| SHORT TITLE:<br>Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CASE NUMBER:<br>CV-13-2820-JST |
|---|---|

1  PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

2  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") Plaintiff requests that

3  Defendants produce the documents specified below, within thirty (30) days of service, to Plaintiff, Theresa

4  Lynne Murphy, 11 High Street #201, San Francisco, CAS 94114, or at such other time and place, or in such

5
6  other manner, as may be mutually agreed upon by the parties. Defendants' production of documents shall

7  be in accordance with the Instructions and Definitions set forth below and Fed.R.Civ.P. 34.

8  INSTRUCTIONS AND DEFINITIONS

9  (a) Whenever reference is made to a person, it includes any and all of such person's principals, employees,
10 agents, attorneys, consultants and other representatives.

11 (b) When production of any document in Plaintiffs' possession is requested, such request includes
12 documents subject to the Plaintiffs' possession, custody or control. In the event that Defendant is able to
13 provide only part of the document(s) called for in any particular Request for Production, provide all
14 document(s) that Defendants are able to provide and state reason, if any, for inability to provide remainder.
15 (c) "Document(s)" means all materials within the full scope of Fed.R.Civ.P. 34 including but not limited to:
16 all writings and recordings, including the originals and all non-identical copies, whether different from the
17 original by reason of any notation made on such copies or otherwise (including but without limitation to,
18 email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams,
19
20 minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals,
21 telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications,
22 offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices,
23 telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations,
24 modifications, changes and amendments of any of the foregoing), graphic or aural representations of any
25 kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings,
26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:
27 This page may be used with any Judicial Council form or any other paper filed with the court.

Page 2

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1 motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records

2 or representations of any kind (including without limitation, computer files and programs, tapes, cassettes,

3 discs, recordings), including metadata.

4 (d) If any document is withheld from production under a claim of privilege or other exemption from

5 discovery, state the title and nature of the document, and furnish a list signed by the attorney of record

6

7 giving the following information with respect to each document withheld:

8     (i) the name and title of the author and/or sender and the name and title of the recipient;

9     (ii) the date of the document's origination;

10     (iii) the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document);

11

12     (iv) the name and position, if any, of each person to whom the contents of the documents have been communicated by copy, exhibition, reading or substantial summarization;

13     (v) a statement of the specific basis on which privilege is claimed and whether or not the subject

14 matter or the contents of the document is limited to legal advice or information provided for the purpose of securing legal advice; and

15     (vi) the identity and position, if any, of the person or persons supplying the attorney signing the list

16 with the information requested in subparagraphs above.

17 (e) "Relate(s) to," "related to" or "relating to" means to refer to, reflect, concern, pertain to or in any

18 manner be connected with the matter discussed.

19 (f) Every Request for Production herein shall be deemed a continuing Request for Production, and

20 Defendant is to supplement its answers promptly if and when Defendant obtains responsive documents

21 which add to or are in any way inconsistent with Defendant's initial production.

22 (g) These discovery requests are not intended to be duplicative. All requests should be responded to fully

23 and to the extent not covered by other requests. If there are documents that are responsive to more than one

24 request, please note and produce each such document first in response to the request that is more

25

26 *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 This page may be used with any Judicial Council form or any other paper filed with the court.       Page ___3___

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Murphy vs. The Bank of New York Mellon, as Trustee, et al. | CV-13-2820-JST |

1 specifically directed to the subject matter of the particular document.

2 (h) Any word written in the singular herein shall be construed as plural or vice versa when necessary to

3 facilitate the response to any request.

4 (i) "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring

5 within the scope of the request all responses which otherwise might be construed to be outside its scope.

6

### DOCUMENT REQUESTS

7

8 1.) Request for Production of Document No. 1

9 For each interrogatory set forth in Plaintiffs' First Interrogatories, produce all documents which

10 Defendant referred to, relied upon, consulted or used in any way in answering such interrogatory.

11 2.) Request for Production of Document No. 2

12 All documents that contain or otherwise relate to the facts or information that Defendants contend

13 refute, in any way, the allegations contained in the Complaint in this action.

14 3.) Request for Production of Document No. 3

15 All reports, including drafts, submitted by any expert witness or potential expert witness retained or

16 consulted by any Defendant with respect to the issues raised in this case.

17 4.) Request for Production of Document No. 4

18 The Pooling and Servicing Agreement regarding the trust named: "Bear Stearns Asset-Backed

19 Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2".

20 Respectfully Submitted,

21

22 July 24, 2013

23 Theresa Lynne Murphy
Plaintiff in Pro Per

24 11 High St. #201, S.F., CA 94114
terrymurphy1618@gmail.com

25 (415) 529-2829

26 *(Required for verified pleading.)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

27 This page may be used with any Judicial Council form or any other paper filed with the court.  Page __4__

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501