UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LYNNE MURPHY,<br><br>      Plaintiff,<br><br>   v.<br><br>THE BANK OF NEW YORK MELLON, et al.,<br><br>      Defendants. | Case No. 13-cv-02820-JST<br><br>**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: ECF Nos. 25, 35 |

This action arises out of Defendants' initiation of foreclosure proceedings on a residential property occupied by Plaintiff Theresa L. Murphy. On July 7, 2013, the Court denied Murphy's motion for a preliminary injunction and issued an order to show cause by August 12, 2013, why this action should not be dismissed for lack of subject matter jurisdiction. Because Murphy's response to the order to show cause does not establish that the Court has subject matter jurisdiction over this action, the action is dismissed without prejudice. Murphy may file her claims in state court.

**I.   BACKGROUND**

Murphy brings this action against Defendants the Bank of New York Mellon, Mortgage Electronic Registration Systems ("MERS"), Merscorp Holdings, and the Wolf Firm for (1) violations of 18 U.S.C. § 1001; (2) violations of 18 U.S.C. § 1341; (3) violations of the Fair Debt Collection Practices Act ("FDCPA"); (4) violations of California's Business and Professions Code Section 17200; (5) slander of title; (6) cancellation of void instruments; (7) quiet title; and (8) wrongful foreclosure. Compl., ECF No. 1.

The gravamen of the complaint is that Defendants lack the authority to execute any foreclosure proceedings with respect to a residential property occupied by Murphy, which is

located at 11 High Street, Unit No. 201, in San Francisco, California ("the property"). Compl. ¶ 1.

Murphy moved for an ex parte temporary restraining order and preliminary injunction barring Defendants from recording a notice of trustee's sale. ECF No. 2. The Court denied Murphy's motion on June 20, 2013, on the ground that Murphy failed to show that she would suffer immediate and irreparable harm or that she gave proper notice to Defendants of her motion for ex parte relief. ECF No. 9. In the same order, the Court set a hearing date for Murphy's motion for a preliminary injunction and permitted the parties to file a response in support or in opposition to Murphy's motion. Defendants and Murphy filed responsive briefs.

On July 7, 2013, the Court denied the motion for a preliminary injunction. ECF No. 25. In the same order, the Court noted that it appears to lack subject matter jurisdiction over this case. Though Murphy invokes federal question jurisdiction under 28 U.S.C. § 1331 in the complaint, the three federal claims that Murphy asserts against Defendants, namely a claim for fraud in violation of 18 U.S.C. § 1001, a claim for forgery in violation of 18 U.S.C. § 1341, and a claim for violations of the FDCPA, fail as a matter of law. ECF No. 25 at 9. For this reason, the Court concluded that these federal claims were not sufficiently substantial to confer supplemental jurisdiction over Murphy's state law claims. Id. at 10.

In her response to the order to show cause, Murphy does not dispute that the three federal claims in the complaint fail as a matter of law. ECF No. 35 at 13. Instead, she requests leave to file a first amended complaint, in which she intends to (1) replace the three federal claims in the operative complaint with claims for declaratory relief under 28 U.S.C. § 2201, "Conspiracy Against Rights 18 U.S.C. § 241," "Deprivation of Rights 42 U.S.C. § 1983," "Fraudulent Conveyance Cal. Civ. Code § 3440," and "Rico Act 18 U.S.C. § 1962;" (2) remove the phrase "f/k/a The Bank of New York as successor to JPMorgan Chase Bank N.A., as Trustee for Bear Stearns Asset-Backed Securities, Bear Stearns Asset-Backed Securities, Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-2" from the caption of the complaint; and (3) add Bank of America as a defendant. Id. at 13-14. Murphy did not attach a copy of her proposed amended complaint to her response.

//

## II. LEGAL STANDARD

### A. Dismissals for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations and quotation marks omitted). A district court has the authority to "raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action." See Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002).

### B. Leave to Amend a Pleading

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court "should freely give leave" to amend a pleading "when justice so requires." Id. "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted).

## III. DISCUSSION

The Court concludes that this action must be dismissed for lack of subject matter jurisdiction.

First, the Court would lack diversity jurisdiction over this action even if Murphy amends her complaint. The Court currently lacks diversity jurisdiction over this action because complete diversity of citizenship does not exist, as both Murphy and Defendant the Wolf Firm are citizens of California. See Compl. ¶ 8 (alleging that Defendant the Wolf Firm is California corporation with its principal place of business located in California); see also Lee v. Am. Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each

3

plaintiff must be diverse from each defendant."). Diversity of citizenship would continue to be lacking even if Murphy joins Bank of America as a defendant in her amended complaint, because Murphy still would not be diverse from the Wolf Firm.

Second, the federal claims in the operative complaint fail as a matter of law. Murphy concedes this in her response to the Court's order to show cause. See ECF No. 25 at 9-10; Resp. at 14 (stating that "Plaintiff did not have a private right of action" with respect to the three federal claims in the operative complaint). Accordingly, even if these claims were reasserted in Murphy's proposed amended complaint, which Murphy does not appear to intend to do, the claims still would be insufficiently substantial to confer supplemental jurisdiction over Murphy's state law claims.

Third, Murphy's proposed addition of new federal claims in an amended complaint would be futile, and as such, the Court must deny Murphy's request to make the proposed amendments. See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) ("Although leave to amend a deficient complaint shall be freely given when justice so requires, Fed. R. Civ. P. 15(a), leave may be denied if amendment of the complaint would be futile."); Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile, Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990), or where the amended complaint would be subject to dismissal.") (citation omitted).

The first proposed new federal claim is one for "Conspiracy Against Rights 18 U.S.C. § 241." The relevant part of § 241, which is a criminal statute, provides as follows:

> If two or more persons conspire to injure, oppress, threaten or intimidate any inhabitant of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him by the constitutional laws of the United States, or because of his having so exercised the same, they shall be guilty of an offense against the United States.

A claim for conspiracy requires allegations of hindrance or interference with the plaintiff's enjoyment of a constitutional or federal right. Here, the gravamen of the complaint is that Defendants lack the authority under California law to execute any foreclosure proceedings with respect to a residential property. Even the most liberal interpretation of Murphy's complaint

4

would not raise the reasonable inference that Murphy's constitutional or federal rights have been affected by the foreclosure proceedings at issue. Indeed, the foreclosure of a residential property by non-governmental parties does not give rise to a violation of a federal or constitutional right, but is instead a matter of California contract law. Because Murphy must allege facts that are consistent with the operative complaint in any amended complaint, and the factual allegations in the operative complaint are not premised on violations of Murphy's constitutional or federal rights, the Court concludes that the addition of a claim under section 241 would be futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading.") (citation and internal quotation marks omitted).

The second proposed federal claim is "Deprivation of Rights 42 U.S.C. § 1983." A plaintiff asserting a claim under § 1983 must prove two things: "(1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632–33 (9th Cir. 1988). Here, none of the parties to this action are state actors, and Murphy has not alleged that any state actor was involved in the foreclosure proceedings at issue. Because any amended complaint must allege facts that are consistent with the allegations in the operative pleading, and because the facts in the operative pleading are devoid of any reference to state action, the Court concludes that the addition of a claim under § 1983 would be futile.

The third proposed federal claim is "Fraudulent Conveyance Cal. Civ. Code § 3440." This claim, on its face, is premised exclusively on state law. Because the addition of this claim would not invoke the Court's subject matter jurisdiction under 28 U.S.C. § 1331, the Court concludes that the addition of the claim would be futile.

The fourth proposed federal claim is "Rico Act 18 U.S.C. § 1962." Section 1962 makes it unlawful for persons and organizations to engage in a "pattern of racketeering activity." See 18 U.S.C. § 1962(a)-(d). Racketeering activity is defined to include a number of generically specified criminal acts, as well as the commission of one of a number of listed predicate offenses. 18 U.S.C.

§ 1961(1). The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996) (citations omitted). To show a pattern of racketeering activity, the plaintiff must allege more than the existence of one scheme with a "single purpose which happens[s] to involve more than one act taken to achieve that purpose." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1535 (9th Cir. 1992) (affirming dismissal of 1962 claims because the plaintiff "has not alleged a pattern of racketeering activity"). The plaintiff also must show that the activities "amount to or pose a threat of continued criminal activity." Id. (citation and internal quotation marks omitted).

In the operative complaint, Murphy alleges that Defendants "implemented" a "scheme" designed "to defraud California consumers and enrich Defendants" by attempting to foreclose on the residential property at issue through the use of fraudulent and invalid instruments. Compl. ¶¶ 51-56. A RICO claim predicated on these allegations would be deficient because the allegations do not give rise to the reasonable inference that the purported fraud with respect to the instruments was a part of a pattern of racketeering activity. The allegations also fail to plead the existence of the requisite RICO enterprise, which must be pleaded independently from the acts of the individual RICO defendants. See Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir.1984) ("If [the defendant] is the enterprise, it cannot also be the RICO defendant.").

The Court is not persuaded that these deficiencies can be cured. First, courts in this district routinely dismiss with prejudice RICO claims predicated on a residential foreclosure proceeding on the ground that foreclosure proceedings, without more, do not give rise to a RICO claim. See, e.g., Zacharias v. JP Morgan Chase Bank, N.A., Case No. 12-06525 SC, 2013 WL 588757, at *3 (N.D. Cal. Feb. 13, 2013) ("Plaintiff's attempt to cast a straightforward foreclosure proceeding as a pattern of racketeering activity is simply improper."); Johnson v. Wachovia Bank FSB, Case NO. 10-2839 GEB, 2012 WL 4092426, at *3 n.2 (E.D. Cal. Sept. 17, 2012) ("The activity underlying plaintiff's claims was a simple loan transaction and foreclosure under a deed of trust. This is not the kind of unlawful activity contemplated by the Civil RICO Act."). Second, the allegations underlying Murphy's RICO claim are premised exclusively on the purported invalidity

of the instruments supporting the foreclosure of the residential property at issue. In determining Murphy's motion for a preliminary injunction, the Court examined these instruments and concluded that Murphy's allegations of fraud and invalidity with respect to such documents were unsupported by the facts and authorities before the Court. See ECF No. 25 at 5-8. Because the theory of fraud underlying Murphy's RICO claim is unmeritorious, and because the foreclosure at issue would be is insufficient on its own to give rise to a RICO claim, the addition of this claim would be futile.

Finally, the fifth federal claim is for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. This claim fails as a matter of law because a court can grant declaratory relief only "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). Indeed, "[t]he DJA . . . does not confer jurisdiction" and requires an "independent jurisdictional basis." Countrywide Home Loans, Inc., v. Mortgage Guar. Ins. Corp., 642 F.3d 849, 853-54 (9th Cir. 2011). "The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." Snodgrass v. Provident Life & Acc. Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998). Here, no independent basis for federal jurisdiction exists. An independent jurisdictional basis also would not exist even if the Court permitted Murphy to amend the complaint to add the new federal claims discussed above, because the addition of such claims would be futile.

In sum, because this action does not invoke the Court's jurisdiction under 28 U.S.C. § 1331 or § 1332, the Court cannot exercise supplemental jurisdiction over Murphy's state law claims, and the action must be dismissed for lack of subject matter jurisdiction. See Hoeck v. City of Portland, 57 F.3d 781, 785 (9th Cir. 1995) ("District courts have discretion to hear pendent state claims where there is a substantial federal claim arising out of a common nucleus of operative fact.") (citing 28 U.S.C. § 1367(a)); Gibson v. Chrysler Corp., 261 F.3d 927, 935 (9th Cir. 2001) ("If there is no original jurisdiction, there can be no supplemental jurisdiction either, for there is no jurisdiction to which supplemental jurisdiction can attach.") (internal quotation marks omitted).

## IV. CONCLUSION

This action is dismissed for lack of subject matter jurisdiction. Murphy may re-file her state law claims in state court.

**IT IS SO ORDERED**.

Dated: October 29, 2013

_____
JON S. TIGAR
United States District Judge